806 So.2d 675 (2001)
Darlene WHITE
v.
The CITY OF NEW ORLEANS, Sewerage and Water Board of New Orleans, ABC Corporation and XYZ Insurance Company.
No. 2000-CA-2683.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 2001.
*676 Roderick Alvendia, Joseph F. Lahatte, Jr., New Orleans, LA, Counsel for Plaintiff/Appellee.
Franz Zibilich, Chief of Research of Opinions, John Smith, Deputy City Attorney, Mavis S. Early, City Attorney, Frank B. Hayne, III, Assistant City Attorney, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge JOAN BERNARD ARMSTRONG and Judge TERRI F. LOVE.
ARMSTRONG, Judge.
This is a personal injury case. The plaintiff was injured on City property when she fell down a slope between a street and sidewalk. After a bench trial, the trial court found liability and awarded damages. The City appeals. We affirm.
Plaintiff Darlene White was crossing a street at the corner. She was accompanied by her small child and a friend. As she neared the curb, a car approached. Out of concern for her own safety and that of her child, she hurried to, and over, the curb to avoid the approaching car. Just past the curb, but not visible from the street, was a grassy slope down to a sidewalk. The slope was at an angle of 38 degrees and had a vertical drop of four feet. Ms. White, stepping over the curb and, unexpectedly, onto the slope, fell and slid down the slope to the sidewalk. As a result of her fall, her leg was fractured in several places. She underwent surgery and metal plates and screws were placed in her leg. Ms. White sued the City, because the area where she fell was City property, alleging that the arrangement of the curb with the hidden slope was unreasonably dangerous so that the City was strictly liable. In support of her allegations, she offered her own testimony as to the occurrence of her fall, photographs of the scene of her fall and expert testimony as to the design of the curb, slope and sidewalk. The trial court agreed that the arrangement of the curb, slope and sidewalk was unreasonably dangerous. The City does not, on appeal, dispute that trial court finding of unreasonable dangerousness and, in any event, the record demon-strates *677 that this trial court finding of fact is not clearly wrong-manifestly erroneous.
The City's first argument on appeal is that, under La.R.S. 9:2798.1, the City is immune from liability because the decision as to whether to provide "sidewalk access" from the curb to the sidewalk four feet below was a "discretionary act". However, the immunity offered by that statute is in the nature of an affirmative defense which must be specifically pleaded in the defendant's answer. La.Code Civ. Proc. Art. 1005; see Remet v, Martin, 705 So.2d 1132 (La.App. 4th Cir.1997) (new matters, which would, even assuming the allegations of the Petition to be true, defeat plaintiffs cause of action, constitute affirmative defenses which must be specifically ser forth in defendant's Answer); see also Walters v. Metropolitan Erection Co., 644 So.2d 1143 (La.App. 4th Cir.1994). Neither the City's Answer nor its Amended Answer mentions La.R.S. 2798.1 or "discretionary acts". In fact, the records reflects that La. R.S. 9:2798.1 was never raised in any way in the trial court. Thus, we are unable to consider the applicability of La. 9:2798.1 to this case.
Second, the City argues that, under La. R.S. 9:2800, the City is exempt from liability because it did not receive any notice of the design defect in the curb, slope and sidewalk. However, once again, this statutory exemption is in the nature of an affirmative defense which must be specifically set forth in a defendant's Answer. La.Code Civ. Proc. art. 1005; Remet, supra; Walters, supra. Neither the City's Answer nor Amended Answer mentions La. R.S. 9:2800. In fact, the record reflects that La. R.S. 9:2800 was not raised in any way in the trial court. Thus, we are unable to consider this argument of the City.
Third, the City argues that the trial court erred in failing to find Ms. White comparatively at fault. The trial court mistakenly thought that the City had not pleaded comparative fault and, thus, declined to consider the issue of comparative fault. In fact, the City did plead comparative fault in its Amended Answer. Consequently, we will review this issue de novo. Factors to be considered in assessing comparative fault include:
1. whether the conduct resulted from inadvertance or involved an awareness of the danger;
2. how great a risk was created by the conduct;
3. the significance of what was sought by the conduct;
4. whether the capacities of actors were superior or inferior;
5. whether any extenuating circumstances required the actor to proceed without proper thought; and
6. the relationship between the actor's conduct and the harm.
Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985).
We find that Ms. White was unaware of the slope on the far side of the curb. Ms. White's expert witness, Neil B. Hall, Ph.D., testified that, from the street, one could not see that there was a slope on the far side of the curb and that is consistent with the photographs of the accident scene introduced into evidence. The City argues that there is inconsistency between Ms. White's trial testimony and her deposition testimony as to whether she had ever lived in the neighborhood where her accident occurred. The City argues that Ms. White must have been familiar with the area and, thus, must have known of the slope on the far side of the curb. There is some inconsistency in Ms. White's testimony, as well as confusion generally, as to whether she had ever lived in the neighborhood where *678 the accident occurred. We do not think that this question of whether Ms. White had ever lived in the neighborhood where the accident occurred is of controlling significance. She admitted that she had driven in the neighborhood, because her mother lived there, but denied that she had walked along the street where she fell. She explained that, at the time of her fall, she wanted to go from her mother's house to a nearby shopping center and because the timing belt on her car broke while at her mother's house, she decided to walk. Because she had not walked along the street where she fell, she did not know of the slope on the far side of the curb. The trial court expressly found that Ms. White was a credible witness and that appears to be a reasonable determination.
Still more important is the fact that Ms. White was concerned with the danger presented to her and her young child by an approaching car. She quite naturally moved hurriedly to and past the curb in order to get out of the street without first examining the area beyond the curb. The plaintiffs expert, Mr. Hall, testified that the designer of streets and sidewalks should consider that pedestrians naturally consider the area beyond the curb a "refuge" from traffic. Under the exigent circumstances presented by the approaching car, Ms. White was not at fault in failing to see the slope before she stepped over the curb onto the slope and fell. Thus Ms. White was not comparatively at fault. Lastly, Ms. White asks that we increase the amount of general damages from the $125,000 awarded by the trial court to $175,000. However, she did not cross-appeal so we may not grant her any additional damages. In any case, the trial court has great discretion as to the amount of general damages and, based upon the record, we cannot say that the trial court abused its discretion as to the amount of general damages.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.