# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1060


ELLA ROGERS, ET AL.

VERSUS

STATE OF LOUISIANA, THROUGH THE
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL.


************

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 41,677
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Oswald A. Decuir, Michael G. Sullivan, and James T. Genovese, Judges.


**AFFIRMED.**


**Charles S. Norris, Jr.**
**Attorney at Law**
**Post Office Box 400**
**Vidalia, Louisiana 71373**
**(318) 336-1999**
**Counsel for Plaintiffs/Appellees:**
**Ella Rogers**
**Michael Jones**

**J. Albert Ellis**
**Assistant Attorneys General**
**Louisiana Department of Justice**
**Post Office Box 1710**
**Alexandria, Louisiana 71309**
**(318) 487-5944**
**Counsel for Defendants/Appellants:**
**State of Louisiana, through the Department of Public Safety and Corrections**
**Louisiana State Police**
**John C. Nelson**

**SULLIVAN, Judge.**

Defendants, the State of Louisiana, through the Department of Public Safety and Corrections (LDPSC), and Louisiana State Trooper John C. Nelson (Trooper Nelson), appeal a judgment rendered in favor of Plaintiffs, Ella Rogers and Michael Jones, following a trial on the merits. For the following reasons, we affirm.

## ISSUE

The question that we must answer is whether the immunity provisions of the Louisiana Homeland Security and Emergency Assistance and Disaster Act and/or the statute granting immunity to the State and its employees for operational activities conducted in the aftermath of Hurricane Katrina are properly classified as affirmative defenses. If so, we must affirm the trial court's refusal to allow Defendants to rely on the immunities because they did not timely assert the affirmative defenses. If not, we must consider Plaintiffs' assertion that the conduct of Trooper Nelson rose to the level of gross negligence or willful misconduct, thus triggering exceptions to the claimed immunities.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs were injured on September 8, 2005, in Concordia Parish, Louisiana, when the vehicle in which they were traveling was rear-ended by a vehicle being driven by Trooper Nelson when he fell asleep at the wheel. Plaintiffs filed suit against the LDPSC and Trooper Nelson on August 9, 2006. Defendants answered the suit on September 14, 2006, denying liability.[1] Upon motion of Plaintiffs in

---

[1] In their answer, Defendants asserted the limitations of liability for suits against the State as to damages and legal interest provided in La.R.S. 13:5106 and La.R.S. 13:5112, as well as the affirmative defense of immunity from liability for employees of public entities performing discretionary acts during the course and scope of their employment pursuant to La.R.S. 9:2798.1.

September of 2006, a scheduling conference was held at which time the matter was set for bench trial on April 5, 2007, with a backup date of April 19, 2007.

On April 5, 2007, Defendants filed a "Motion for Summary Judgment Urging Exception of No Cause of Action and Exception of No Right of Action." Defendants asserted that they were absolutely immune from liability, pursuant to La.R.S. 29:735 and La.R.S. 92800.17, because the accident which injured Plaintiffs took place while Trooper Nelson was fulfilling emergency response activities pursuant to the State of Emergency declared by Louisiana Governor Kathleen Blanco following Hurricane Katrina. *See* Gubernatorial Proclamation No. 48 KBB 2005. Defendants' motion was set for contradictory hearing on April 16, 2007.

Plaintiffs responded with a motion to strike affirmative defenses, pursuant to La.Code Civ.P. art. 964, on the grounds that Defendants should not be allowed to disguise affirmative defenses as exceptions, so as to avoid La.Code Civ.P. art. 2005's requirement that affirmative defenses shall be set forth in the answer. To allow Defendants to assert affirmative defenses at such a late date and on the eve of trial, Plaintiffs argued, would amount to trial by ambush. The trial court set Plaintiffs' motion for hearing on April 16, 2007 as well. In the meantime, Plaintiffs filed an opposition to Defendants' motion for summary judgment.

Following the April 16, 2007 hearing, the trial court issued a written judgment granting Plaintiffs' motion to strike affirmative defenses and denying as moot Defendants' motion for summary judgment urging exceptions.[2] Defendants filed a

---

[2] It appears that the motions argued on April 16, 2007, were heard by Judge Brackin, who was sitting *Pro Tempore*. The judgment disposing of the motions was signed by Judge Brackin and the trial judge mentioned in the trial transcript that an Ad Hoc judge had ruled on the prior motions.

notice of intent to apply for writ of review of the April 16, 2007 judgment, but according to the record, no writ was ever sought.

Trial on the merits took place on April 19, 2007. Prior to the start of the trial, Defendants filed a motion for leave to file an amended answer setting forth their claims of immunity pursuant to La.R.S. 29:735 and La.R.S. 9:2800.17, which the trial court promptly denied. Nevertheless, Defendants were allowed to proffer their motion and amended answer. After Plaintiffs had presented their evidence and rested their case, Defendants filed an exception of no right of action, again claiming immunity pursuant to the aforementioned statutes. The trial court denied the exception of no right of action in open court. It then stated that it had found liability on the part of the State, and the parties were given ten days to submit memoranda on damages.

Written judgment was rendered on May 24, 2007.[3] Ella Rogers was awarded $9,016.86 in medical special damages and $25,000.00 in general damages. Michael Jones was awarded $10,480.00 in medical special damages, $5,016.95 in lost wages, and $25,000.00 in general damages. Defendants timely filed a motion for suspensive appeal of the May 24, 2007 judgment.

In their sole assignment of error, Defendants assert that the trial court erred in denying their peremptory exception of no right of action where there was no evidence in the record establishing that plaintiffs possessed a right of action in light of a specific statute denying plaintiffs such an action.

---

[3]We note that this judgment did not reflect the court's having denied Defendants' exception of no right of action on May 24, 2007, and apparently no other written judgment to that effect has been rendered.

## DISCUSSION

An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). "If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 844.

"An affirmative defense raises new matter which, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating plaintiff's demand on its merits." *Webster v. Rushing*, 316 So.2d 111, 114 (La.1975). The defendant's answer shall set forth all affirmative defenses. La.Code Civ.P. arts. 1003 and 1005. "In the absence of inclusion of an affirmative defense in the answer, evidence can be adduced thereon only in the absence of an objection thereto." *Red Barn Chems., Inc. v. Lassalle*, 350 So.2d 1315, 1317 (La.App. 3 Cir. 1977).

As this court previously noted in *Rider v. Fontenot*, 463 So.2d 951, 956 (La.App. 3 Cir. 1985), *cited with approval in Patterson v. State*, 95-1668 (La.App. 3 Cir. 12/11/96), 685 So.2d 473, *writs denied*, 97-27, 97-108 (La. 2/21/97), 688 So.2d 513:

> The policy behind the requirement that affirmative defenses be raised in answer is sensible and laudable. Because affirmative defenses raise matters for judicial resolution outside of issues raised by plaintiff's petition, plaintiff must be made aware of these matters at an early stage so that plaintiff can prepare an opposition to the defense and adjust his case, if necessary, in light of the new facts and issues raised by the affirmative defense. If the affirmative defense is allowed despite the defense not being raised in answer, the result is a surprise "trial by ambush" that unfairly aids the defendant, who knew about the defense even though plaintiff was kept in ignorance of the defense.

4

In *Molina v. City of New Orleans*, 01-1411 (La.App. 4 Cir. 10/2/02), 830 So.2d 994, *writ denied*, 03-156 (La. 3/28/03), 840 So.2d 573, the fourth circuit classified immunity as an affirmative defense which must be specifically pleaded in the defendant's answer and thus concluded that the trial court was within its discretion in refusing to allow the assertion of a new defense one day before trial, as the defense clearly was not timely asserted.[4] Similarly, this court concluded that the trial court did not err in precluding a defendant from presenting evidence of affirmative defenses where the defendant had failed to specifically plead these defenses, as required by La.Code Civ.P. art. 1005, until after commencement of the trial and without first obtaining leave of court. *Willett v. Premier Bank*, 97-187 (La.App. 3 Cir. 6/4/97), 696 So.2d 196.[5]

Defendants claim that the immunities granted in La.R.S. 29:735 and La.R.S. 9:2800.17 are "absolute and without exception,"[6] unless Trooper Nelson's having fallen asleep at the wheel is found to constitute gross negligence or willful misconduct, which would void the protection of immunity offered in those statutes. They further submit that Trooper Nelson's actions do not rise to such a level.

Plaintiffs counter that the trial court was correct in characterizing the immunities provided in the statutes at issue as being affirmative defenses and in granting their motion to strike affirmative defenses. Plaintiffs point out that the

---

[4]The statute at issue in *Molina* was La.R.S. 9: 2798.1 which concerns the policymaking or discretionary acts or omissions of public entities or their officers or employees. *See also White v. City of New Orleans*, 00-2683, (La.App. 4 Cir. 1/9/01), 806 So.2d 675.

[5]*But see Zulli v. Coregis Ins. Co.*, 05-155 (La.App. 5 Cir. 7/26/05), 910 So.2d 437, *writ denied*, 05-2226 (La. 2/17/06), 924 So.2d 1017 (where the fifth circuit held that the immunities found in La.R.S. 9:2791 and La.R.S. 9:2795 were affirmative defenses which needed to be specifically pled, but nonetheless concluded that the trial court did not abuse its discretion in allowing the defendants to amend their answer to assert the affirmative defenses that had been raised in a motion for summary judgment filed less than three weeks before the trial date).

[6]Defendants do not cite any jurisprudence in support of this sweeping proposition.

5

Defendants failed to raise the defenses until two weeks prior to trial and, when they finally did so, they attempted to disguise the defenses as exceptions and included them in a motion for summary judgment. They submit that Defendants were simply resubmitting the previously denied arguments when they reasserted the exception of no right of action at trial after the close of Plaintiffs' evidence and that the trial court properly rejected the rehashed arguments.

We begin our analysis by examining the statutes at issue. Louisiana Revised Statutes 29:735(A)(1), entitled "Immunity of personnel," is part of the Louisiana Homeland Security and Emergency Assistance and Disaster Act and provides as follows:

> Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees or representatives of any of them engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons or damage to property as a result of such activity.

Louisiana Revised Statutes 9:2800.17(A)(1), entitled "Immunity of state and political subdivisions; operational activities related to Hurricanes Katrina and Rita," provides as follows:

> The state, or any political subdivision thereof, or any public entity, meaning and including the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and their agents, employees, contractors, volunteers, or representatives engaged in any operational decisions or activities in the aftermath of Hurricanes Katrina and Rita shall not be civilly liable for the death of, or any injury to, any person or damage to property as a result of such activity, except in the event of gross negligence or willful misconduct.

We are convinced that the trial court correctly characterized the immunity defenses urged by Defendants as affirmative defenses because if the defenses were

to apply Plaintiffs' claims would be defeated on the merits. Our finding is bolstered by the fact that Defendants specifically pled the affirmative defense of immunity pursuant to La.R.S. 9:2798.1 in their original answer to Plaintiffs' petition. Given the fact that Defendants urged the additional immunity defenses at such a late date, coupled with Plaintiffs immediate objection, the trial court did not err in granting the motion to strike and not allowing Defendants to rely on the immunity statutes to defeat Plaintiffs' claims. Likewise, the trial court did not err in denying Defendants' exception of no right of action, which essentially amounted to a reassertion of the affirmative defenses that the trial court had stricken just three days prior to trial. Having so ruled, we need not determine whether Trooper Nelson's having fallen asleep at the wheel and striking the vehicle in which Plaintiffs were traveling amounted to gross negligence or willful misconduct.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Defendants are cast with all costs of this appeal.

**AFFIRMED.**