STOULIG, Judge.
This is an appeal from a judgment maintaining an exception of no cause of action and dismissing plaintiff's suit. The aver-ments of the petition set forth that the defendant, State Farm Fire and Casualty Company, had issued a policy of insurance to the plaintiff, Mark D. Weil, affording coverage against physical damage to plaintiff’s 40-foot houseboat, its engines, ancillary equipment, and gear. It is further alleged that the vessel was damaged while cruising in the turbulent waters of Lake Pontchartrain and that plaintiff was paid $1,966.70 for damage to the cabin or superstructure of the boat, but that defendant has arbitrarily refused to pay for the damage to the engine, related equipment and gear occasioned by the same incident and amounting to $2,142.20. Penalties and attorney’s fees are also sought.
Defendant filed a peremptory exception of “estoppel” and alternatively an exception of no right of action. In connection with these pleadings it attached a “sworn statement and proof of loss”[1] signed by the plaintiff when he was paid for the property damage to the cabin of his boat. The trial judge maintained the exception of no cause of action and dismissed plaintiff’s suit.
The plea of estoppel may not be raised by exception. It is enumerated in C. C.P. art. 1005 as one of the affirmative defenses that must be specially pleaded. It is *526 not one of the objections listed in C.C.P. art. 927 that may be raised by peremptory exceptions. One of the comments the reed-actors included under this article repudiated the prior practice of sometimes permitting estoppel to be raised by way of exception. Comment 5(c) provides:
“Though cases can be found in which estoppel has been treated as an exception, Coco v. Nolin, 56 So.2d 204 (La. App.1951), in the vast majority of instances when the defendant has pleaded estoppel, it is set forth as an affirmative defense. Further, estoppel is as available to a plaintiff as it is to a defendant, and hence cannot be treated exclusively as an exception. For these reasons this objection is not included in the enumeration of the above article, but it is required that estoppel be pleaded by the plaintiff in the petition, and by the defendant as an affirmative defense. See Art. 1005, infra.”
Nor can defendant’s alternative exception of no right of action prevail. This exception, designed to terminate at its inception a suit brought by plaintiff having no legal interest to assert it, may not be used to urge what is properly a defense on the merits.[2] It deals with the right of the plaintiff to bring an action granted by law to a general class and is concerned with the plaintiff’s standing or lack of standing as a member of this class.[3] It may also be used to raise plaintiff’s want of interest because of a transfer or assignment of his right to a third party prior to filing suit.[4]
It is the latter situation defendant claims precludes plaintiff’s suit because it asserts plaintiff subrogated his rights to the defendant by executing the release, a copy of which it attached to the exceptions. We cannot agree with plaintiff’s argument that the document is not admissible[5] under C.C.P. art. 931. The only exception for which evidence may not be introduced is that of no cause of action and while the judgment labels the one we now consider as such, clearly it is a misnomer since the only exceptions urged by the defendant were of estoppel and no right of action.
The pleadings and the attached release reflect that what is at issue is whether plaintiff did or did not sign the release as a full compromise of his entire claim against the defendant for boat damage. The petition acknowledges a partial payment. The release is a signed document reflecting plaintiff received the money he alleged was paid to him in his own petition. From the pleadings we are unable to discern the intent of the parties in executing this document and we cannot determine the validity of plaintiff’s claim for additional damages, or say he has none on the record as it is now constituted. A plea of compromise is also listed in C.C.P. art. 1005 and must be asserted as an affirmative defense.
Having concluded the record does not sustain the validity of the exceptions filed by defendant, the judgment appealed from is annulled and this matter is remanded for further proceedings consistent with the views herein expressed. Costs of this appeal are to await the final disposition of this matter.

Judgment annulled; remanded.

. The sworn statement and proof of loss also contained a full release in satisfaction in compromise settlement of the claim, together with an assignment of all the right, title and interest in and to the property for which the claim is made under the policy.

. Wischer v. Madison Realty Company, 231 La. 704, 92 So.2d 589 (1956).

. Maryland Casualty Co. v. Gulf Refining Co., 95 So.2d 734 (La.App.1st Cir. 1957).

. Ritsch Alluvial Land Co. v. Adema, 211 La. 675, 30 So.2d 753 (1947); Younger v. American Radiator and Standard San. Corp., 193 So.2d 798 (La.App.3d Cir. 1967).

. Bielkiewicz v. Rudisill, 201 So.2d 136 (La. App.3d Cir. 1967).