J^FOIL, J.
This appeal challenges the dismissal of a lawsuit seeking monetary damages from the Louisiana State Board of Nursing arising out of the Board’s suspension of a nurse’s license. We affirm.
BACKGROUND
On March 21, 2002, Marion and Linda Talbert filed this lawsuit against the Louisiana State Board of Nursing (Board) seeking tort- damages allegedly resulting from the Board’s summary suspension of Linda Talbert’s nursing license.[1] In the petition, the Talberts made the following allegations: Mrs. Talbert had been subjected to a series of consent orders into which she entered with the Board following her admission of prior drug abuse when she applied to begin nursing clinical courses. The consent orders required Mrs. Talbert to submit to random drug screens. On March 21, 2001, Mrs. Talbert was instructed to provide a urine sample for drug testing. On April 4, 2001, Mrs. Talbert was notified by the Board that it was suspending her license because she violated the terms of the 2000 Consent *730 Order by submitting a random drug screen which the laboratory determined was not consistent with normal human urine. Mrs. Talbert followed the Board’s appeal procedure and appeared at a settlement meeting on May 15, 2001, at which time she refused an offer to lift the suspension with certain conditions, submitting her own counteroffer, which was rejected. Mrs. Talbert later appealed to the full board and a hearing was scheduled for September 11, 2001. On that date, without a hearing, the Board agreed to lift the suspension.
In their petition, the Talberts alleged that the Board maliciously and unreasonably failed to conduct tests and follow procedures necessary to protect Mrs. Tal-bert’s rights. Specifically, they alleged that: (1) the urine ^specimen test result did not reveal any violation of the Consent Order and Mrs. Talbert’s license was maliciously, unreasonably and wrongfully suspended; (2) Mrs. Talbert was not adequately notified of the basis for the disciplinary proceedings against her in violation of her constitutional right of due process; (3) the standards utilized on by the Board in suspending the license were not adopted pursuant to proper administrative procedures and were unenforceable; (4) the Board knew or should have known that the standards it relied on to suspend the license were not in effect and unenforceable; (5) the drug testing procedures applied to Mrs. Talbert by the Board violated the Louisiana Drug Testing Act as well as Mrs. Talbert’s rights to equal protection, due process and privacy; and (6) the Talberts were damaged by the Board’s “failure to decide” and its failure to give its staff proper direction in the area of its drug testing program.
The Talberts urged that they were entitled to damages resulting from the Board’s summary suspension of Mrs. Talbert’s license, including lost wages, lost sick leave, lost 401 K contributions, mental anguish, defamation of character, loss of enjoyment of life and loss of consortium.
The Board filed an exception of no cause of action, urging that the 2000 Consent Order and the Board’s rules gave it the authority to summarily suspend Mrs. Tal-bert’s license. Further, it asserted that the petition alleged acts it performed for which it was entitled to quasi-judicial immunity.
The trial judge granted the exception of no cause of action, finding in oral reasons for judgment that the 2000 Consent Order authorized the Board’s action. This appeal, taken by the Talberts, followed.
DISCUSSION
The Talberts insist that the Board failed to demonstrate that the petition alleged no facts under which they enjoy a remedy in law. They submit that the trial judge erred in finding that the Consent Order authorized the Board’s actions, contending that Mrs. Talbert did not waive her rights to |4seek redress for damages she suffered at the hands of the Board by entering into the agreement.
The Board urges that it is entitled to immunity from any alleged damages resulting from its automatic suspension of Mrs. Talbert’s license, and therefore, contends that the trial judge correctly maintained its exception of no cause of action. We agree.
Because many administrative boards and commissions have a quasi-judicial function when they adjudicate matters like licenses, it has become common for courts to recognize quasi-judicial immunity, equivalent to judicial immunity, for such boards and commissions, and their individual members, for actions taken and decisions made in their adjudicative role. *731 Durousseau v. Louisiana State Racing Commission, 98-0442, p. 4 (La.App. 4 Cir. 12/9/98), 724 So.2d 844, 846, writ denied, 99-0034 (La.2/12/99), 738 So.2d 582.
In suspending Mrs. Talbert’s license upon finding she violated the terms of the Consent Order, the Board was acting in its administrative adjudicatory capacity. The Board is vested by statute with broad authority over matters pertaining to licensing of nurses. La. R.S. 37:918 et seq. Extending quasi-judicial immunity to the Board’s administrative adjudicatory decisions preserves the independence of judgment of the adjudicators by foreclosing any possibility of intimidation or deterrence through the threat or actuality of suits for damages. See Durousseau v. Louisiana State Racing Commission, 98-327 at p. 6, 724 So.2d 847.
For these reasons, we hold that the Board has quasi-judicial absolute immunity as to claims for money damages based upon a wrongful administrative adjudication. As all of the allegations of the petition that pertain to the Board are based on its alleged wrongful suspension of Mrs. Talbert’s license, the Board is entitled to immunity from this lawsuit, and the trial court correctly granted the Board’s exception of no cause of action.
| .CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellants. The case is remanded to the trial court for proceedings consistent with this opinion.
AFFIRMED AND REMANDED.
FITZSIMMONS, Judge, dissents and assigns reasons.

. The Talberts also sued American Medical Labs, Inc., Professional Recovery Network and The Center for Families. On August 14, 2002, American Medical Labs was dismissed from the lawsuit.