# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

**10-787**
**consolidated with 10-788**


**KENNETH JAMES MOUTON**

**VERSUS**

**HEBERT'S SUPERETTE, INC.**


************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 75,272
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

************

**DAVID E. CHATELAIN[*]**
**JUDGE**

************

Court composed of Jimmie C. Peters, James T. Genovese, and David E. Chatelain, Judges.


**REVERSED AND REMANDED.**



**Andree Matherne Cullens**
**Dawn D. Bonnecaze**
**Taylor, Porter, Brooks & Phillips, L.L.P.**
**Post Office Box 2471**
**Baton Rouge, Louisiana 70801**
**(225) 387-3221**
**Counsel for Defendants/Appellees:**
    **Hebert's Superette, Inc.**
    **Hebert's of Henderson, Inc.**

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Bart J. Hebert**
**Reneé Z. Berard**
**Boyer, Hebert & Abels, LLC**
**525 East Bridge Street**
**Breaux Bridge, Louisiana 70517**
**(337) 332-0616**
**Counsel for Plaintiff/Appellant:**
**Kenneth James Mouton**

**CHATELAIN, Judge.**

The plaintiff appeals the trial court's dismissal of his two suits on two promissory notes, utilizing the peremptory exception as the procedural vehicle to raise statutory immunity. Because we find that the defendants' claims of immunity under federal tax law is an affirmative defense and that a peremptory exception is not the proper procedural vehicle for addressing this issue, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The plaintiff, Kenneth Mouton (Mouton), is a shareholder in both of the defendant corporations, Hebert's Superette, Inc. (Superette) and Hebert's of Henderson, Inc. (Henderson), which are two closely held corporations formed to operate grocery stores. Mouton served as a manager of Superette until 1993, when he took over management of Henderson. It is undisputed that Mouton served as a director and as the secretary-treasurer of Henderson, but the record contains conflicting evidence regarding Mouton's status as an officer and director of Superette.

This dispute arises more specifically from two promissory notes issued separately by Superette and Henderson, which obligated each company to pay $175,000.00 to the order of Mouton in ten yearly installments of $17,500.00, beginning on June 15, 2008. Both promissory notes were executed on January 31, 2008.

On or before June 15, 2008, both defendants paid the full $17,500.00 installment due under each note directly to Mouton. Thereafter, the defendants began withholding federal taxes from the payments tendered to Mouton. Accordingly, Superette sent Mouton a check for $9,628.95 as full payment of the $17,500.00

1

installment due on June 15, 2009, and Henderson sent Mouton a check for $86,342.35 as payment in full on the $157,500.00 still due under the promissory note. Mouton rejected both of these tendered payments and demanded payment of the full amounts owed under the notes directly to him.

Mouton filed separate suits against Superette and Henderson on their respective promissory notes, claiming that each company's failure to tender payments of the entire 2009 installment constituted default and requesting immediate payment of the entire amounts left on the notes and attorney fees pursuant to the terms of the notes. These cases were consolidated in the trial court on August 31, 2009.

Shortly before consolidation, the defendants separately filed peremptory exceptions of no cause of action and immunity along with alternative motions for summary judgment. As the defendants presented identical arguments, the trial court considered these exceptions and motions together. Ultimately, the trial court agreed with the defendants' utilization of the peremptory exception as the means to assert immunity; thereafter, it granted those peremptory exceptions, finding that Mouton's suits were barred by 26 U.S.C. § 3403, which creates immunity for required tax withholdings by employers. It further declined to rule on "the sufficiency of the evidence to support the motions for summary judgment or no cause of action" and found that these motions and exceptions were rendered moot. Mouton has timely appealed the trial court's judgments. We have consolidated the plaintiff's appeals.

## DISCUSSION

Mouton assigns error to two aspects of the trial court's judgment. First, he contends that a peremptory exception was not the appropriate procedural vehicle to address the defendants' claims of immunity. Next, Mouton contends that the

2

immunity provided to employers under 26 U.S.C. § 3403 does not bar his claims for payments due under the promissory notes, regardless of the procedural vehicle, because the payments due are not wages. Finding merit in Mouton's former contention, we pretermit discussion of his latter assignment of error.

### *Procedural Analysis*

Article 923 of the Louisiana Code of Civil Procedure defines a peremptory exception as a request to "have the plaintiff's action declared legally nonexistent, or barred by effect of law." As 26 U.S.C. § 3403 provides that "[t]he employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment," the immunity created by this statute could arguably function in a manner that fits within the description of a peremptory exception. Certainly, if such immunity applies in this case, it would have the legal effect of barring Mouton from obtaining relief.

However, the Louisiana Code of Civil Procedure places affirmative defenses into a separate category. *See* La.Code Civ.P. art. 1005[1] (creating an implicit distinction between affirmative defenses and issues appropriate for peremptory exceptions by allowing courts to treat either as properly pleaded if one is "mistakenly designated" as the other). "An affirmative defense raises [a] new matter which, assuming the allegations in the petition to be true, constitutes a defense to the action

---

[1]Louisiana Code of Civil Procedure Article 1005 provides:

> The answer shall set forth affirmatively negligence, or fault of the plaintiff and others, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as a peremptory exception or as an incidental demand, or a peremptory exception as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.

and will have the effect of defeating plaintiff's demand on its merits." *Webster v. Rushing*, 316 So.2d 111, 114 (La.1975) (footnote omitted). Under this definition, the statutory immunity for federal income tax withholding is more appropriately categorized as an affirmative defense. At no point have the defendants contested Mouton's allegations regarding the existence of the promissory notes or the amount of the payments thereon. Rather, the issue of immunity is a new matter that, if proven, will defeat Mouton's claims.

Our classification of the defendants' claims of immunity is further supported by analogy to other types of statutory immunity, which the jurisprudence has consistently deemed affirmative defenses. In *Rogers v. State, ex rel. Department of Public Safety and Corrections*, 07-1060 (La.App. 3 Cir. 1/30/08), 974 So.2d 919, *writ denied*, 08-504 (La. 4/25/08), 978 So.2d 367, we classified the tort immunity created by La.R.S. 9:2800.17 and 29:735 for the state, its agencies, and political subdivisions regarding homeland security activities and conduct during the aftermath of Hurricanes Katrina and Rita as affirmative defenses. Similarly, in *Zulli v. Coregis Insurance Co.*, 05-155 (La.App. 5 Cir. 7/26/05), 910 So.2d 437, *writ denied*, 05-2226 (La. 2/17/06), 924 So.2d 1017, our brethren of the fifth circuit found that the tort immunity created by Louisiana's "Recreational Use Statutes," La.R.S. 9:2791 and 9:2795, constituted an affirmative defense. Both cases primarily relied on a finding that the effect of the immunity was to defeat the plaintiff's claim on its merits. Finally, the Louisiana Supreme Court and this court have both explicitly stated that the tort immunity created by workers' compensation law is an affirmative defense because "it is not a law evaluating conditions of legality of defendant's conduct but, rather, serves as a vehicle for asserting a substantive defense that defeats an otherwise

4

viable claim." *Brown v. Adair*, 02-2028, p. 5 (La. 4/9/03), 846 So.2d 687, 690; *see also Walls v. Am. Optical Corp.*, 98-455 (La. 9/8/99), 740 So.2d 1262; *Teasley v. Ates*, 03-824 (La.App. 3 Cir. 12/10/03), 861 So.2d 778, *writ denied*, 04-92 (La. 3/19/04), 869 So.2d 855. The statutory immunity at issue in the present case functions in an analogous manner, and we see no reason to classify it differently than the other types of statutory immunity recognized in Louisiana law.

The jurisprudence of this state has long held that an affirmative defense may not form the basis of a peremptory exception when the asserted defense goes to the merits of the case. *Marquis v. Cantu*, 371 So.2d 1292 (La.App. 3 Cir. 1979); *Alside Supply Co. v. Ramsey*, 306 So.2d 762 (La.App. 4 Cir. 1975); *Weil v. State Farm Fire & Cas. Co.*, 323 So.2d 524 (La.App. 4 Cir. 1975). Rather, as an affirmative defense, the issue should be referred to the merits, and a motion for summary judgment is, therefore, the proper procedure for addressing it prior to trial. *See Deshotel v. Guichard Operating Co., Inc.*, 03-3511 (La. 12/17/04), 916 So.2d 72.

In brief to this court, the defendants cite several cases which seemingly stand for the proposition that immunity may be asserted through a peremptory exception. For reasons that follow, we find these cases distinguishable.

The defendants cite *Herrin v. Perry*, 215 So.2d 177 (La.App. 3 Cir. 1968), *aff'd*, 254 La. 933, 228 So.2d 649 (1969), for the proposition that this court has recognized a peremptory exception of immunity as a proper procedural device. However, the immunity at issue in *Herrin* was sovereign immunity under Article III, Section 35 of the Louisiana Constitution of 1921. At the time *Herrin* was decided, this constitutional provision prohibited tort claims against the state, its agencies, or political subdivisions without special authorization from the legislature. Thus, the

5

exception in *Herrin* did not plead a new matter designed to defeat the cause of action on its merits; rather, it simply asserted that the plaintiff had no cause of action because it had not obtained authorization to file suit.

Similarly, in *Corley v. Village of Florien*, 04-853 (La.App. 3 Cir. 12/08/04), 889 So.2d 364, we reviewed an exception of no cause of action based on the doctrines of judicial and prosecutorial immunity. Therein, we stated that plaintiffs could not state a cause of action against a judicial officer or prosecutor for conduct in his official capacity without proving certain additional elements beyond those required for a traditional negligence claim. *Id.* This discussion clearly establishes that the doctrines of judicial and prosecutorial immunity do not function as affirmative defenses because they contribute to the definition of a cause of action rather than exempting certain persons from liability under a particular set of circumstances. In both *Herrin* and *Corley*, the immunity at issue required the plaintiffs to prove additional facts to obtain relief, whereas the statutes considered in *Rogers*, *Zulli*, and *Teasley* allow the defendant to avoid liability by proving factual elements that do not negate the plaintiff's cause of action.

In the present case, the law of obligations and negotiable instruments clearly creates a cause of action under the circumstances described by Mouton's petitions, and the immunity created by 26 U.S.C. § 3403 can only function to exempt the defendants from liability if they are able to prove additional facts to satisfy the requirements for immunity. Therefore, under the facts of this case, we find that the immunity provided by 26 U.S.C. § 3403 functions as an affirmative defense. Neither the peremptory exception of immunity nor the exception of no cause of action were procedurally proper, and the trial court should have overruled both. Instead, the trial

6

court should have considered the defendants' assertion of immunity as a motion for summary judgment and evaluated their claim that there is no genuine issue of material fact regarding the availability of their affirmative defense.

***Motions for Summary Judgment***

From the plain language of 26 U.S.C. § 3403, two elements are necessary for immunity thereunder. First, the party claiming immunity must be an employer. Title 26 of the Code of Federal Regulations § 31.3401(c)-1(f) states that for purposes of income tax withholding, directors of corporations are not employees, but corporate officers may be considered employees if they perform services for the corporation and receive or become entitled to remuneration. Second, the party claiming immunity must have made a required deduction of taxes. In this case, the defendants contend that the amounts withheld were required by 26 U.S.C. § 3102, which instructs employers to withhold employees' income taxes directly from the wages they pay.

Mouton contests both of these elements. While he admits that he served as its officer of Henderson and was therefore an employee, Mouton argues that Superette has not produced sufficient evidence to prove he ever served as an officer. This issue seems to require factual determinations regarding what actions were taken by Superette, the services performed by Mouton, and the remuneration involved. Additionally, it may require a legal determination regarding Mouton's status as an officer of Henderson. If Mouton and Henderson never formed an employer-employee relationship, then 26 U.S.C. § 3403 cannot apply.

Mouton also contends that there is at least a genuine issue of material fact regarding whether payments on the promissory notes at issue constitute wages. Title 26 of the United States Code § 3401(a) defines wages, for income tax purposes, as

7

"all remuneration (other than fees paid to a public official) for services performed by an employee for his employer." Mouton bases this argument on his claim that the promissory notes were executed as part of his deal with the president of Superette and Henderson for the redemption of his stock in both corporations. Thus, Mouton reasons that payments on the promissory notes are not remuneration for services Mouton performed as an employee. If Mouton's assertions about the nature of these promissory notes are correct, the payments at issue are not wages, and neither defendant was required to withhold taxes.

On the other hand, the defendants assert that the promissory notes were executed as a bonus in consideration of Mouton's past service to Henderson and Superette, respectively. Title 26 of the Code of Federal Regulations § 31.3401(a) specifically states that remuneration constitutes wages—regardless of its name, the medium used, or the fact that the person receiving it is no longer an employee—as long as the remuneration is made for services the employee performed for his employer. Thus, to succeed on their affirmative defense, each defendant must prove that Mouton performed services for them as an officer or other employee and that the promissory note was issued as compensation for those services. Clearly, this issue involves mixed questions of fact and law.

Typically, appellate review of a motion for summary judgment is de novo. *Schroeder v. Bd. of Sup'rs of La. State Univ.*, 591 So.2d 342 (La.1991). However, an appellate court may decline to perform a review of issues that include questions of fact when a legal or procedural error has prevented the trier of fact from reaching those questions. *Campo v. Correa*, 01-2707 (La. 6/21/02), 828 So.2d 502. To preserve the proper allocation of functions between trial and appellate courts, an

8

appellate court may remand to the trial court instead of conducting a de novo review. *Id.* Remand is particularly appropriate when the evidence concerning the issue on appeal has not been fully developed. *Id.*

In the present case, the trial court specifically declined to reach the substantive issues the defendants' motions for summary judgment presented, instead finding that the defendants were immune from liability seemingly because of the undisputed fact that the defendants withheld income taxes from payments on the promissory notes and remitted those amounts to the federal government. Not only did the trial court err when it applied an improper procedural mechanism, but it also failed to determine whether the evidence regarding the factual elements of the defendants' affirmative defense was sufficient to merit dismissal by summary judgment. Furthermore, at least at this juncture, we are not convinced that the evidence regarding Mouton's status as an officer of Superette and the relationship between the promissory notes and the defendants' redemption of Mouton's stock has been fully fleshed out. Therefore, we decline to conduct a de novo review of the motions for summary judgment because the trial court has not properly considered them and because we are not certain that our decision would be based on a fully-developed record.

### DECREE

For the reasons discussed above, we reverse the trial court's judgments dismissing Mouton's claims on peremptory exceptions of immunity and remand to the trial court for consideration of the affirmative defenses asserted through the motions for summary judgment. Costs are assessed to the defendants, Hebert's Superette, Inc. and Hebert's of Henderson, Inc.

**REVERSED AND REMANDED.**

9