| | | |
|---|---|---|
| RORY T. WHITE AND ROMAINE L. WHITE INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, RICHARD WHITE | * | NO. 2019-CA-0213 |
| | * | |
| | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| VERSUS | * | |
| | | STATE OF LOUISIANA |
| NEW ORLEANS CENTER FOR THE CREATIVE ARTS | * * * * * * * | |

<u>CONSOLIDATED WITH:</u>                    <u>CONSOLIDATED WITH:</u>

RORY T. WHITE, ROMAINE L.                    NO. 2019-CA-0214
WHITE AND RICHARD WHITE

VERSUS

NEW ORLEANS CENTER FOR
THE CREATIVE ARTS, ET AL.


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-02903, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Paula A. Brown,
Judge Dale N. Atkins)


Michael Samuel Zerlin
ATTORNEY AT LAW
123 East Seventh Street
Thibodaux, LA 70301


COUNSEL FOR PLAINTIFFS/APPELLANTS


Angela J. O'Brien
William David Coffey
LOUISIANA ATTORNEY GENERAL'S OFFICE
1450 Poydras Street, Suite 900
New Orleans, LA 70112

Jeff Landry, Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
P. O. Box 94005
Baton Rouge, LA 70804

COUNSEL FOR DEFENDANTS/APPELLEES

**REVERSED AND REMANDED**
**September 25, 2019**

Plaintiffs, Rory T. White, Romaine L. White, and Richard White appeal the trial court's judgment of November 27, 2018, as amended on March 14, 2019, which granted the exception of no cause of action filed by Defendants, New Orleans Center for the Creative Arts, Kyle Wedberg, Blake Coheley, Amy Alvarez, and Lee Randall, and dismissed their lawsuit with prejudice. For the following reasons, we reverse the trial court's ruling on the exception and remand the case to allow Plaintiffs the opportunity to amend their petition and for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

This lawsuit arises from the reporting of an alleged sexual assault of a student at New Orleans Center for the Creative Arts ("NOCCA") by Richard White ("Richard"), another NOCCA student.

NOCCA is a public high school that provides arts education and academic instruction to qualified students from the State of Louisiana. NOCCA is an agency of the State of Louisiana created by La. R.S. 17:1970.23.

Kyle Wedberg, the President and CEO of NOCCA; Blake Coheley, NOCCA Director of Student Services; and Amy Alvarez, a social worker at NOCCA are all

1

NOCCA employees/administrators. Lee Randall is the Chairman of the NOCCA Board, and according to Plaintiffs, is a public official and not an employee of NOCCA.

In February 2016, during Richard's twelfth grade year, NOCCA administrators were notified that Richard had allegedly committed acts of sexual misconduct against another student. Thereafter, Richard was sent home and his parents, Rory White and Romaine White ("the Whites"), were advised that Richard "had done something outside of school" that mandated NOCCA to report the allegations against Richard to the New Orleans Police Department ("NOPD") and the Department of Children and Family Services ("DCFS").[1]

NOCCA employees, Wedberg, Coheley, and Alvarez, met with the Whites and Richard ("Plaintiffs") on February 29, 2016, about the allegations. According to Plaintiffs, NOCCA refused to name the student-accuser and refused to reveal the substance of the allegations. They allege that Richard was denied minimal due process because he was not informed of the allegations nor given an opportunity to respond to the charges or defend himself. Plaintiffs were informed that Richard was not allowed to attend class and was required to complete the rest of the semester from home. At the meeting, a letter of understanding was given to the Plaintiffs, stating that Richard would not be able to participate in any school activities, including social events, art performances, or graduation, without forty-eight hour advance approval from NOCCA administrators. Plaintiffs allege Richard was unable to attend school from February 26, 2016 through the end of the school year, approximately two and one half months. They further claim that

---

[1] In the petition for damages, the student who accused Richard is referred to by the initials "CC."

Richard was required to determine on his own what assignments he was required to complete without the benefit of instruction.

On March 22, 2016, the Whites, individually and on behalf of Richard, who was a minor at the time, filed a petition for injunction, temporary restraining order, and preliminary injunction against NOCCA seeking an order to allow Richard to return to class and participate in activities and prohibiting NOCCA from interfering with Richard's free enjoyment thereof.[2] The trial court denied the request for injunctive relief but ordered that NOCCA contact "the parents of the minor to ensure that the minor has clear instructions on his education requirements."

On March 1, 2017, the Whites and Richard, who was named as a plaintiff in his own right as he was now over the age of majority, filed a petition for damages against NOCCA, as well as Kyle Wedberg, Blake Coheley, Amy Alvarez, and Lee Randall ("Defendants"). Plaintiffs alleged causes of action for defamation, intentional infliction of emotional distress, deprivation of Constitutional Rights, negligent supervision/failing to protect against bullying, false light invasion of privacy, conversion, and loss of consortium.[3] Specifically, Plaintiffs alleged that Defendants published statements about Richard to the NOPD and the DCFS that were defamatory *per se* because they expressly or implicitly accused Richard of criminal conduct and/or injured his personal and professional reputation. Plaintiffs claimed Defendants' actions were extreme and outrageous and they knew that

---

[2] This lawsuit was filed in the Civil District Court, allotted to Division "G," Section 11, Case No. 2016-2903. At the time the injunction was filed, neither the Whites nor Richard had been contacted by the NOPD or the DCFS.

[3] This suit was allotted to Division "A," Section 15, and assigned Case No. 2017-1901. The petition for damages alleges that the NOPD contacted Plaintiffs and conducted an investigation but did not file charges against Richard. Plaintiffs were never contacted by the DCFS.

severe emotional distress was substantially certain to follow. They alleged that Defendants acted under the color of state law when they deprived Richard of his rights to liberty, property, and privacy. Plaintiffs claimed that Defendants had a statutory duty to protect Richard against bullying from other students and failed to provide reasonable supervision to prevent other students from spreading untrue rumors, shunning Richard, and threatening harm to him. Plaintiffs alleged that Richard's privacy was invaded by Defendants' actions that placed him in a false light, causing other students, teachers, and school personnel to believe that he had been expelled and/or charged with a crime. Plaintiffs claimed that when Defendants ordered Richard to leave school, they had in their custody and control items belonging to Plaintiffs, including Richard's hard drive, data, and lighting equipment. They claimed Defendants have declined to return these items despite repeated requests. Finally, Plaintiffs alleged that the Whites suffered as a result of the damages Richard incurred and seek damages for loss of love and affection, loss of society, and loss of consortium.

In response, Defendants filed an exception of no cause of action, claiming they have immunity from the lawsuit because Plaintiffs' allegations against them originate from Defendants' mandatory duty to report the accusations against Richard and mandatory reporters are protected from liability under Louisiana law. Defendants argued that as a result, Plaintiffs failed to allege sufficient facts to support a cause of action.

The injunction suit and the damages suit were consolidated on November 17, 2017.

The exception of no cause of action came before the trial court on October 26, 2018, and the trial court granted the exception from the bench.[4] A judgment granting the exception of no cause of action was signed on November 27, 2018.[5]

Plaintiff filed a motion for devolutive appeal on December 5, 2018, which was signed by the trial court on December 6, 2018.

On March 12, 2019, this Court ordered the trial court to amend the November 27, 2018 judgment to include the "appropriate and necessary decretal language."[6] This Court's order also stayed briefing deadlines until the record was

---

[4] There was also an exception of vagueness and a motion to compel before the trial court. However, due to the trial court's ruling on the exception of no cause of action, the exception of vagueness was not considered and motion to compel was deemed moot.

[5] On December 3, 2018, Plaintiff filed a request for written reasons for judgment. Written reasons for judgment were issued on January 5, 2019, which state, in relevant part:

> NOCCA is a mandatory reporter under La. Children's Code article 603(17)(d). This reporting is clearly mandated by the Louisiana Children's Code articles 609(A)(1); 610.

> The mandatory duty is to encourage those with reasonable cause for suspicion to report possible causes of sexual abuse and is sought to protect victims, especially minors, by ensuring appropriate authorities are alerted as soon as possible.

> Louisiana law provides immunity from lawsuit for mandatory reporters to ensure that mandatory reporters are free to make their reports without fear of repercussions through civil lawsuit. La. Ch.C. art 611(A)(1)(a) [provides]:

>> No cause of action shall exist against any:

>> Person who in good faith makes a report, cooperates in any investigation arising as a result of such report, or participates in judicial proceedings authorized under the provisions of this Chapter.

> Additionally, La. R.S. 14:131.1 imposes penalties and fines upon persons who fail to report the commission of rape and sexual abuse.

> The allegations made against NOCCA arise out of NOCCA's mandated reporting of the alleged incident pursuant to La. Ch.C. arts. 609 and 610. Plaintiffs have no cause of action against NOCCA for the reporting of the alleged incident. NOCCA was mandated by law to report the allegations, which NOOCA did. NOCCA is granted immunity from lawsuit pursuant to its decision to report the allegation. Plaintiffs have no cause of action against NOCCA based upon the facts asserted.

[6] This Court's order noted that the November 27, 2018, judgment did not name the party in favor of whom the ruling was ordered and did not name the party against whom the ruling was

5

supplemented with the amended judgment. The trial court executed an amended judgment on March 14, 2019, and issued notice of signing of judgment the following day.[7]

On March 22, 2019, this Court issued a notice of completion of record. This timely appeal follows.[8]

## DISCUSSION AND ANALYSIS

Plaintiffs raise two assignments of error. They contend that the trial court erred in granting the exception of no cause of action because Defendants' alleged qualified immunity as a mandatory reporter cannot be raised on an exception of no cause of action and because the immunity for mandatory reporting is only applicable to defamation claims and not a defense to the other allegations against Defendants. Plaintiffs also claim the trial court erred in granting the exception without allowing Plaintiffs the opportunity to amend pursuant to La. C.C.P. art. 934.

---

ordered. It also found that reference to extrinsic sources was required to determine whether the judgment dismisses all claims in the petition for damages or whether the judgment all claims in both the petition for injunctive relief and the petition for damages.

[7] The amended judgment provided, in relevant part:

> IT IS ORDERED, ADJUDGED and DECREED that the Defendants[,] the New Orleans Center for the Creative Arts (NOCCA), Kyle Wedberg, Blake Coheley, Amy Alvarez, and Lee Randall['s] Exception of No Cause of Action for all of Plaintiffs[,] Rory White, Romaine White and Richard White's claims is sustained; that Plaintiffs[,] Rory White, Romaine White and Richard White's suit be dismissed with prejudice; and that this Judgment be designated as a Final Judgment.

The amended judgment clarified that all of Plaintiffs' claims were dismissed.

[8] The notice of completion of record ordered that Plaintiffs submit their brief by April 16, 2019, and Defendants submit their response by May 6, 2019. After moving for an extension of time, which this Court granted, Plaintiffs timely filed their brief on April 26, 2019.

6

***Assignment of Error No. 1: Granting of the Exception of No Cause of Action***

The peremptory "exception of no cause of action raises a question of law," and a court of appeal reviews the district court's ruling *de novo. Ocwen Loan Servicing, LLC v. Porter*, 2018-0187, p. 3 (La. App. 4 Cir. 5/23/18), 248 So.3d 491, 495.

"The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923.

A peremptory exception of no cause of action questions whether the law extends a remedy against a defendant to anyone under the factual allegations of a petition. *Mid-S. Plumbing, LLC v. Dev. Consortium-Shelly Arms, LLC*, 2012-1731, p. 4 (La. App. 4 Cir. 10/23/13), 126 So.3d 732, 736. In other words, an exception of no cause of action tests "the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading." *Green v. Garcia-Victor*, 2017-0695, p. 4 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453 (quoting *Moreno v. Entergy Corp.*, 2010-2281, p. 3 (La. 2/18/11), 62 So.3d 704, 706).

"In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *Green*, 2017-0695, p. 4, 248 So.3d at 453(quoting *2400 Canal, LLC v. Bd. of Sup'rs of Louisiana State Univ. Agr. & Mech. Coll.*, 2012-0220, p. 7 (La. App. 4 Cir. 11/7/12), 105 So.3d 819, 825). "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not pled in the petition." *Id.* "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed

documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.* Further, "any doubt must be resolved in the plaintiffs' favor." *Id.* However, the mere conclusions of the plaintiff unsupported by facts do not set forth a cause of action. *Green*, 2017-0695, p. 4, 248 So.3d at 453-54 (citing *831 Bartholomew Investments–A, L.L.C. v. Margulis*, 2008-0559, p. 10 (La. App. 4 Cir. 9/2/09), 20 So.3d 532, 538). Plaintiffs argue that the trial court erred in granting the exception because a mandatory reporter's qualified immunity cannot be asserted on an exception of no cause of action and because the immunity for a mandatory reporter is only relevant to defamation claims and not a defense to the other allegations against Defendants.

*Mandatory Reporter*

A mandatory reporter is defined in La. Ch. C. art. 603, and provides in pertinent part:

(17) "Mandatory reporter" is any of the following individuals:

* * *

(d) *"Teaching or child care provider"* is any person who provides or assists in the teaching, training, and supervision of a child, including any public or private teacher, teacher's aide, instructional aide, school principal, school staff member, bus driver, coach, professor, technical or vocational instructor, technical or vocational school staff member, college or university administrator, college or university staff member, social worker, probation officer, foster home parent, group home or other child care institutional staff member, personnel of residential home facilities, a licensed or unlicensed day care provider, or any individual who provides such services to a child in a voluntary or professional capacity.

* * *

(23) "Person" means any individual, partnership, association, agency, or corporation, and specifically shall include city, parish, or state law enforcement agencies, and a parish or city school board or a person employed by a parish or city school board.

8

La. Ch. C. art. 609(A)(1) provides that "any mandatory reporter who has cause to believe that a child's physical or mental health or welfare is endangered as a result of abuse or neglect … shall report in accordance with Article 610."[9] A violation of the "duties imposed upon a mandatory reporter subjects the offender to criminal prosecution authorized by R.S. 14:403(A)(1)."[10] La. Ch. C. art. 609(A)(2).

La. Ch. C. art. 610 addresses reporting procedure and states, in part:

> A. (1) … Reports in which the abuse or neglect is believed to be perpetrated by someone other than a caretaker, a person who maintains an interpersonal dating or engagement relationship with the parent or caretaker, or a person living in the same residence with the parent or caretaker as a spouse whether married or not, and the caretaker is not believed to have any responsibility for the abuse or neglect shall be made immediately to a local or state law enforcement agency. Dual reporting to both the department and the local or state law enforcement agency is permitted.

Furthermore, La. Ch. C. art. 611(A)(1)(a) provides that "[n]o cause of action shall exist against any" "[p]erson who in good faith makes a report, cooperates in any investigation arising as a result of such report, or participates in judicial proceedings authorized under the provisions" of the Louisiana Children's Code.

---

[9] *See also* La. R.S. 15:539 (providing that a school must report any allegation made by a student of the commission of a sexual offense to law enforcement).

[10] La. R.S. 14:403 imposes penalties of fines or imprisonment upon failure to report the commission of rape and sexual abuse, and provides, in part:

> A. (1)(a) Any person who, pursuant to Children's Code Article 609(A), is required to report the abuse or neglect of a child and knowingly and willfully fails to so report shall be fined not more than five hundred dollars or imprisoned for not more than six months, or both.

> (b)(i) Any person who, pursuant to Children's Code Article 609(A), is required to report the sexual abuse of a child, or the abuse or neglect of a child that results in the serious bodily injury, neurological impairment, or death of the child, and the person knowingly and willfully fails to so report, shall be fined not more than three thousand dollars, imprisoned, with or without hard labor, for not more than three years, or both.

The immunity is not available to anyone who makes a report "known to be false or with reckless disregard for the truth of the report." La. Ch. C. art. 611(B)(2).

Plaintiffs do not allege in the petition which NOCCA employee or administrator actually reported the allegation against Richard to the NOPD or the DFCS. However, school and educational personnel, such as principals, teachers, social workers, and staff members are mandatory reporters under La. Ch. C. art. 603. Therefore, NOCCA's president, Kyle Wedberg; the director of student services, Blake Coheley; and NOCCA social worker, Amy Alvarez, would qualify as mandatory reporters.

Plaintiffs claim that neither NOCCA nor Lee Randall, the chairman of the board of directors, is entitled to immunity. Plaintiff contends that NOCCA is a state agency and not a person as defined in La. Ch. C. art. 603(23) because it is not an individual, partnership, association, or a corporation. Plaintiffs also argue that NOCCA is not a city or parish school as provided for in La. Ch. C. art. 603(23) because La. R.S. 17:1970.23, the statute providing for NOCCA's creation, provides that it is "an agency of state government and shall be independent of the control of the state superintendent and of all local and state education boards, except the [NOCCA] board of directors."

However, NOCCA seeks immunity as an educational institution which provides teaching services to a child pursuant to La. Ch. C. art. 603(17). While "state agencies," such as NOCCA, are not statutorily designated as a person under La. Ch. C. art. 603(23), it is not an exclusive list. Further, a person, which is defined as "*any* individual, partnership, association, agency, or corporation" that furnishes or assists in the teaching or supervision of children is a mandatory reporter. La. Ch. C. art. 603(23) (emphasis added). As such, immunity would apply

10

to the entity of NOCCA as an operating school. Further, NOCCA and its board of directors are "within the Department of Education." *See* La. R.S. 36:651(D)(7) (providing the "following agencies … shall be within the Department of Education as provided in R.S. 36:801.1: * * * (8) The New Orleans Center for Creative Arts and its board of directors (R.S. 17:1970.21 *et seq.*)"). Thus, while Lee Randall is not a teacher or school administrator, as a member of NOCCA's board of directors in the child education business, he would likewise be immune from liability. Accordingly, immunity for reporting suspected child abuse and/or the commission of a sexual offense applies to all Defendants in this case. Thus, Defendants are mandatory reporters eligible for immunity.

### *Immunity for a Mandatory Reporter*

A mandatory reporter's immunity is not absolute; however, it is qualified by the good faith requirement. *See* La. Ch. C. art. 611(A)(1)(a),(B)(2)(immunizing "good faith" reports of abuse and providing that immunity does not apply to persons who make a report "known to be false" or "with reckless disregard for the truth of the report"); *Mitchell v. Villien*, 2008-1470, pp. 18-19 (La. App. 4 Cir. 8/26/09), 19 So.3d 557, 570 (finding that medical provider who was subject to mandatory reporting requirement for gunshot wounds presented for treatment enjoyed a qualified or conditional privilege against civil liability when he reported to police a suspected gunshot wound, if in good faith he had a subjective belief in the accuracy of his report at the time).

Plaintiffs claim that the qualified immunity of a mandatory reporter constitutes an affirmative defense and cannot be asserted on a peremptory exception of no cause of action. Plaintiffs also argue a determination of whether Defendants were in good faith in reporting the allegations of sexual misconduct

11

would require the evaluation of evidence, which is precluded on an exception of no cause of action. We agree.

An affirmative defense is a defense that "raises a new matter, which assuming the allegations in the petition are true, constitutes a defense to the action." *Fin & Feather, LLC v. Plaquemines Par. Gov't*, 2016-0256, pp. 6-7 (La. App. 4 Cir. 9/28/16), 202 So.3d 1028, 1033 (citing *Bienvenu v. Allstate Ins. Co.*, 2001–2248, p. 5 (La. App. 4 Cir. 5/8/02), 819 So.2d 1077, 1080, *Allvend, Inc. v. Payphone Commissions Co., Inc.*, 2000–0661, p. 3 (La .App. 4 Cir. 5/23/01), 804 So.2d 27, 29). Louisiana jurisprudence has long established that an affirmative defense may not form the basis of a peremptory exception when the asserted defense goes to the merits of the case.[11] *Mouton v. Hebert's Superette, Inc.*, 2010-787, p. 5 (La. App. 3 Cir. 12/8/10), 53 So.3d 561, 564 (citing *Marquis v. Cantu*, 371 So.2d 1292, 1294 (La. App. 3 Cir. 1979); *Alside Supply Co. v. Ramsey*, 306 So.2d 762, 763 (La. App. 4 Cir. 1975); *Weil v. State Farm Fire & Cas. Co.*, 323 So.2d 524, 526 (La. App. 4 Cir. 1975)). Rather, as an affirmative defense, the issue should be referred to the merits, and a motion for summary judgment is, therefore, the proper procedure for addressing it prior to trial. *Id.* (citing *Deshotel v. Guichard Operating Co., Inc.*, 2003–3511, p. 2 (La. 12/17/04), 916 So.2d 72, 74). Here, the immunity created by La. Ch. C. art. 611 functions to exempt Defendants

---

[11] In *Mouton v. Hebert's Superette, Inc.*, 2010-787, p. 4 (La. App. 3 Cir. 12/8/10), 53 So.3d 561, 564, the Third Circuit found that the corporate debtor's claim of immunity for federal income tax withholding functioned as an affirmative defense and that the exception of no cause of action based on that immunity was procedurally improper. *See also Zulli v. Coregis Insurance Co.*, 2005–155 (La. App. 5 Cir. 7/26/05), 910 So.2d 437 (finding that the tort immunity created by Louisiana's Recreational Use Statutes constituted an affirmative defense); *Brown v. Adair*, 2002–2028, p. 5 (La. 4/9/03), 846 So.2d 687, 690) (the tort immunity created by workers' compensation law is an affirmative defense because it "serves as a vehicle for asserting a substantive defense that defeats an otherwise viable claim").

from liability provided that the report was made in good faith and thus operates as an affirmative defense.

Additionally, in *Bd. of Examiners of Certified Shorthand Reporters Through Juge v. Neyrey*, 542 So.2d 56, 64 (La. App. 4 Cir. 1989), which Plaintiffs rely upon, this Court found that the decision as to whether a party acted in good faith for the purposes of immunity required consideration of evidence and thus was not an issue properly raised or decided on exception of no cause of action.[12] The Board of Examiners of Certified Shorthand Reporters had sought an injunction against an individual to prohibit him from taking depositions. The defendant, Nick Neyrey, filed a reconventional demand against the Board. The Board filed several exceptions, including an exception of no cause of action based on its governmental immunity, which the trial court granted.[13] This Court found that while the Board may have an "affirmative defense of good faith" to the reconventional claim, "a decision as to the presence or absence of good faith cannot be made when ruling upon an exception of no cause of action." *Id.* at p. 62. The *Neyrey* Court then reversed the trial court's granting of the exception, stating, in relevant part:

> Although the Board and its members may very well be able to prove the affirmative defense of good faith at the trial on the merits of this case, we cannot make a ruling on an exception of no cause of action as to whether such a defense has been proved.

---

[12] *Compare Dupre v. Louisiana State Bd. of Practical Nurse Examiners*, *unpub.* 2006-1464, 2007 WL 7711506 (La. App. 4 Cir. 5/16/07) (stating that the exception of no cause of action is the most effective vehicle to defeat suits where an *absolute* immunity is pled).

[13] In granting the exception of no cause of action, the trial court stated:

> [T]he actions taken by the Board were authorized by the law at the time, were in good faith, under color of legal authority and in furtherance of a legitimate state interest. Under these circumstances, the Board was entitled to the good faith defense to Neyrey's claim. The court also said that Neyrey could not remove the grounds for the exception of no cause of action by amending the pleadings.

*Neyrey,* 542 So.2d at 62.

\* \* \*

> [T]he Board and its members seek to assert an affirmative defense of good faith. However, determination of the presence or absence of good faith requires consideration of evidence. L[a]. [C.C.P. art.] 931 precludes consideration of evidence on an exception of no cause of action. *Goldstein v. Serio,* 496 So.2d 412 (La. App. 4[] Cir.1986)[.][14]

*Id.* at 64.

Defendants counter it would be contrary to the intent of the immunity statute to grant immunity to mandatory reporters but then require them to litigate the claims that the immunity statute was enacted to prevent. Defendants cite *S.G. v. City of Monroe*, 37,103, p. 8 (La. App. 2 Cir. 4/11/03), 843 So.2d 657, 662, which stated that "the immunity afforded the mandatory reporters is meant to encourage those with reasonable cause for suspicion to report suspected cases, free of the chilling effect presented by the threat of lawsuits." Significantly, the *S.G.* case was decided on a motion for summary judgment, in which the parties presented evidence regarding the good faith of the mandatory reporter; not on an exception of no cause of action, which is based only on the allegations of the petition and no evidence is admissible.

Defendants also claim that jurisprudence allows for immunity to be addressed on an exception of no cause of action. In support of their position,

---

[14] The *Neyrey* Court also reversed in part because the trial court "based its decision as to the presence of good faith on factors outside the pleadings." *Neyrey,* 542 So.2d at 62. In addition, this Court remanded the case so that Neyrey had a chance to amend his reconventional demand:

> Because the trial court incorrectly decided that the good faith defense had been established, Neyrey was apparently not given an opportunity to amend his reconventional demand. We are unable to presume at this time that Neyrey will not be able to allege sufficient facts to state a cause of action. Therefore, he must be given an opportunity to attempt to amend his reconventional demand to state a cause of action against the Board and its members.

*Id.* at 65.

Defendants rely upon *Vincent v. Milligan*, 2004-1207 (La. App. 1 Cir. 6/10/05), 916 So.2d 238.

In *Vincent*, a father filed suit against the state, a hospital, and physicians for emotional distress after a physician made a report of suspected child abuse following an examination of the father's daughter in the hospital. The state filed an exception of no cause of action, claiming that the defendants were immune from suit under La. Ch. C. art 611. The First Circuit acknowledged that certain classes of individuals, including health practitioners, are mandated by statute to report reasonably suspected child abuse or neglect to the proper authorities and that La. Ch. C. art. 611 grants statutory immunity to those who in good faith report suspected child abuse or neglect. The *Vincent* Court noted that while "questions underlying claims of immunity are often better suited to motions for summary judgment, which allow for the presentation of evidence, the legal issue of whether immunity is applicable may be raised and reviewed through an exception of no cause of action." *Vincent*, 2004-1207, pp. 4-5, 916 So.2d at 241 (citing *Lambert v. Riverboat Gaming Enf't Div*., 96-1856, pp. 6–7, n. 2, (La. App. 1 Cir. 12/29/97), 706 So.2d 172, 176; *Jackson v. State ex rel. Dep't of Corr.*, 2000-2882, pp. 7-10 (La. 5/15/01), 785 So.2d 803, 808-10; *Talbert v. Louisiana State Board of Nursing,* 2003–0258, pp. 3–4 (La. App. 1 Cir.12/31/03), 868 So.2d 729, 730–31). The First Circuit further concluded that "good faith is presumed and the plaintiff has the burden to allege the facts needed to defeat statutory immunity." *Vincent*, 2004-1207, p. 6, 916 So.2d at 242. The Court ultimately found that the father failed to state a cause of action against the state or the state's employee (the physician, who examined the father's daughter and filed a report of suspected child abuse)

15

based on statutory immunity.[15] The *Vincent* Court, however, found that the father should be granted the opportunity to amend his petition to state a claim against the physician to allege bad faith. The First Circuit thus affirmed the granting of the exception of no cause of action and remanded the case for further proceedings.

The *Vincent* case can be distinguished from the instant case because it allowed the petition to be amended to state a cause of action, whereas the trial court in the present case dismissed Plaintiffs' entire suit without giving them the opportunity to amend. Moreover, while *Vincent* provides support for a determination of immunity on an exception of no cause of action and noted that good faith is presumed, it also recognizes that the issue of the immunity is more appropriate on motions for summary judgment because it allows for the presentation of evidence.[16] Additionally, although good faith on part of Defendants as mandatory reporters may be presumed, this presumption can be rebutted by proof that Defendants falsely or recklessly alerted law enforcement. *See* La. Ch. C. art. 611(B)(2) (providing that immunity for mandatory reporters "shall not be

---

[15] The *Vincent* Court stated, in part:

> [O]n the face of the petition, Dr. Milligan is protected by the immunity granted by Louisiana Children's Code article 611. He was a health care practitioner who made a good faith report of suspected child abuse based on a lab test showing the presence of sperm cells in a child's urine. Thus, Mr. Vincent's petition fails to state a cause of action for damage from the mandatory report made by Dr. Milligan. In the absence of liability on the part of the state's employees, the state is not vicariously liable.

*Vincent*, 2004-1207, pp. 6-7, 916 So.2d at 242–43.

[16] *See Mouton,* 2010-787, p. 9, 53 So.3d at 567 (reversing the trial court's judgment dismissing the plaintiff's claims on "peremptory exceptions of immunity" and remanding to the trial court for consideration of the affirmative defenses asserted through the motions for summary judgment); *Mitchell*, 2008-1470, p. 20, 19 So.3d at 572 (reversing a denial a motion for summary judgment and finding there was no evidence to show that the doctor reported a suspected gunshot wound to the police in bad faith); *S.G.*, 37,103, pp. 10-13, 843 So.2d 657, 663-664 (affirming the granting of a motion for summary judgment and finding that the doctor not make a report of suspected child abuse with reckless disregard for the truth).

extended to ... [a]ny person who makes a report known to be false or with reckless disregard for the truth of the report"). Moreover, the conclusion reached in *Vincent* is not binding on this Court whereas this Circuit in *Neyrey* explicitly held that presence or absence of good faith for purposes of immunity from liability could not be considered on an exception. Further, Defendants' assertion of qualified immunity as a mandatory reporter is an affirmative defense and as defense to the merits of the case should not form the basis of an exception of no cause of action. Although Defendants may be able to establish that they acted in good faith in its mandatory reporting on a motion for summary judgment or at trial, as noted in *Neyrey*, such a determination requires evidence and therefore cannot be reviewed on an exception of no cause of action.[17] Accordingly, the trial court erred in considering the immunity of Defendants on the exception of no cause of action.

Plaintiffs also argue that Defendants' immunity from liability under La. Ch. C. art. 611 is only relevant to their defamation claims against them. Plaintiffs note that in its reasons for judgment, the trial court found that all the allegations made against Defendants arose from their mandatory reporting of the alleged incident, and then dismissed all of Plaintiffs' claims against Defendants. Plaintiffs argue that even if Defendants are immune for defamation, it does not provide a defense to their other acts and omissions, including their claims for conversion, deprivation of constitutional rights, lack of adequate supervision/failure to protect against

---

[17]The petition for damages does allege that Defendants had no mandatory duty to report the incident to the authorities because the student accuser was eighteen years old. It further alleged that the student accuser was not credible due to her extensive psychiatric history, which was known to Defendants. These allegations do not necessarily demonstrate that Defendants knowingly made a false report or recklessly reported without regard to the truth, however, as discussed below, Plaintiffs should be given an opportunity to amend their petition to develop these facts, if they can, to establish bad faith on part of Defendants.

17

bullying; false light invasion of privacy; intentional infliction of emotional distress; and loss of consortium.

Defendants contend that the trial court's ruling that all the allegations made against Defendants originate from their mandatory reporting duty is supported and again claim that Plaintiffs' argument that their immunity only applies to defamation would defeat the purpose of the immunity statute, i.e., protecting victims and ensuring that mandatory reporters are free to make their reports without fear of repercussions of lawsuits. *See S.G.* 37,103, p. 8, 843 So.2d at 662.

We find, however, that Plaintiffs have in fact alleged claims that arise separate and independent from Defendants' reporting duty and thus would not impinge on the objective of the immunity provisions. For example, Plaintiffs alleged a cause of action against Defendants in their petition for conversion that developed subsequent to Defendants' reporting of the incident to authorities.[18] "[C]onversion is an intentional tort and consists of an act in derogation of the plaintiff's possessory rights." *Lusich v. Capital One, ACP, LLC*, 2016-0052, p. 8 (La. App. 4 Cir. 8/31/16), 198 So.3d 1272, 1276–77 (quoting *Melerine v. O'Connor,* 2013–1073, p. 5 (La. App. 4 Cir. 2/26/14), 135 So.3d 1198, 1203). "To constitute a conversion, an intentional dispossession and/or exercise of dominion or control over the property of another in denial of or inconsistent with the owner's rights must be established." *Id.* In their petition, Plaintiffs claim that when Defendants ordered Richard to leave school, they had in their custody Plaintiffs' hard drive, data, and lighting equipment. Plaintiffs allege that despite repeated

---

[18] Because we find that the exception of no cause of action was not the appropriate vehicle to consider the qualified immunity of a mandatory reporter, this opinion will not examine each claim that arises separate from Defendants' reporting duty.

requests Defendants have failed to and refused to return these items. While Defendants could have compelled Richard to leave NOCCA's premises following the accusations against him, Defendants' continued possession and control over Plaintiffs' property is distinct from Defendants' duty to report the allegations of the student accuser. Additionally, Plaintiffs allege that Defendants remain in possession of and refused to return their property as of the filing of the lawsuit. Furthermore, all doubts regarding whether a petition sets forth a cause of action should be resolved in favor of the plaintiff so as to afford litigants their day in court. *Zeitoun v. City of New Orleans*, 2011-0479, p. 7 (La. App. 4 Cir. 12/7/11), 81 So.3d 66, 72. Plaintiffs' petition thus states a cause of action for conversion and the trial court erred in dismissing Plaintiffs' entire lawsuit on the basis of Defendants' statutory immunity.

### Assignment of Error No. 2: Opportunity to Amend the Petition

Plaintiffs argue that the trial court erred in granting the exception of no cause of action without permitting Plaintiffs the opportunity to amend under La. C.C.P. art. 934. We agree.

La. C.C.P. art. 934 provides that if the grounds of the objection raised through a peremptory exception "may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." If the grounds of the objection "cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed." *Id*.

Our jurisprudence indicates that "[t]he right to amend a petition following the sustaining of a peremptory exception is not absolute." *Hershberger v. LKM*

19

*Chinese, L.L.C.,* 2014-1079, p. 6 (La. App. 4 Cir. 5/20/15), 172 So.3d 140, 145. "Amendment is not permitted when it would constitute a 'vain and useless act.' " *Id*. (quoting *Smith v. State Farm Ins. Companies,* 2003-1580, p. 6 (La. App. 4 Cir. 3/3/04), 869 So.2d 909, 913). However, this Court also has stated that "it is mandatory that the trial judge permit an amendment of the pleadings when there is a conceivable possibility that a cause of action may yet be stated by a plaintiff." *Cooper v. Pub. Belt R.R.*, 2000-0378, p. 4 (La. App. 4 Cir. 12/20/00), 776 So.2d 639, 641.

As discussed above, mandatory reporters are not immune from lawsuit when the report is false or made with reckless disregard for the truth. *See* La. Ch. C. art. 611(B)(2). Plaintiff did not specifically allege that Defendants acted in bad faith in reporting the accusations against Defendants to the authorities. However, if the grounds for exception can be removed by an amendment the Plaintiffs must be allowed to do so. *See* La. C.C.P. art. 934. Like this Court stated in *Neyrey*, we are "unable to presume at this time that [Plaintiffs] will not be able to allege sufficient facts to state a cause of action." *Neyrey*, 542 So.2d at 65; *see also Vincent*, 2004-1207, pp. 6-7, 916 So.2d at 242–43 (which affirmed the granting of an exception of no cause of action but found that the plaintiff "should be afforded an opportunity to amend his petition to remove the grounds for the exception, if he can, by alleging specific facts that would support a claim that [the reporting physician] made the report in bad faith"). Accordingly, Plaintiffs should have been given the opportunity to amend their petition against Defendants in an attempt to cure the grounds of the exception of no cause of action. Therefore, the trial court erred in dismissing Plaintiffs' suit without first giving them the chance to amend their petition to state a cause of action against Defendants.

## CONCLUSION

The trial court erred in granting Defendants' exception of no cause of action. Although Louisiana law requires the mandatory reporting of suspected child abuse and/or the allegations of sexual misconduct and grants immunity from liability for those whom provide teaching services and report in good faith, a decision as to whether Defendants acted in good faith in reporting the accusations against Richard is an affirmative defense, involves the consideration of evidence, and therefore was not appropriate on an exception of no cause of action. Additionally, Plaintiffs have alleged causes of action against Defendants that arise separate from their reporting duty and the trial court erred in dismissing the entire petition based on Defendants' immunity. Accordingly, the trial court erred in granting the exception of no cause of action.

For these reasons and the reasons stated above, we reverse the trial court judgment granting the exception of no cause of action filed by Defendants and remand the case to the trial court in order to allow Plaintiffs to amend their petition to state a cause of action and for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

21