910 So.2d 437 (2005)
Joseph C. ZULLI, Jr. and Linda R. Zulli
v.
COREGIS INSURANCE COMPANY and St. Charles Parish.
No. 05-CA-155.
Court of Appeal of Louisiana, Fifth Circuit.
July 26, 2005.
*438 Thomas A. Gennusa, II, Joseph S. Piacun, Metairie, LA, for Plaintiff/Appellant.
Gus A. Fritchie, III, Iran A. Thompson, II, New Orleans, LA, for Defendants/Appellees.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This personal injury action arises from an incident that occurred on September 2, 2001 in St. Charles Parish. Plaintiff, Joseph Zulli, Jr., was crabbing at the fishing jetty located along the southern shoreline of Lake Pontchartrain near the Bonne Carre Spillway. The perimeter of the jetty is lined with corrugated plastic and supported with horizontal wooden beams, leaving holes between portions of the corrugated plastic and the wooden beams. According to defendants, the corrugated plastic prevents erosion of the jetty, and the holes allow water to drain off the pier when waves crash onto the surface.
While crabbing, Mr. Zulli pulled up one of his crab nets and deposited a crab in his wooden hamper. Then, as he prepared to throw his net back into the water, his left leg went into a large hole, causing him to fall and suffer severe injuries, including a broken hip and leg. Mr. Zulli testified that he did not see the hole, because the grass and weeds were overgrown and obscured the holes in this area.
On June 17, 2002, Mr. Zulli and his wife, Linda Zulli, filed suit against St. Charles Parish and its liability insurer, Coregis Insurance Company. In their petition, plaintiffs allege that the holes in the jetty were hazardous and that the accident and resulting injuries were caused by the negligence and/or strict liability of St. Charles Parish for failing to properly maintain the pier and failing to properly construct and design the pier. Defendants answered the suit, denying plaintiffs' claims against them and asserting that the accident was caused solely by Mr. Zulli's negligence or alternatively, that Mr. Zulli was comparatively at fault.
On April 30, 2004, defendants filed a Motion for Summary Judgment, arguing, among other things, that they were not liable for Mr. Zulli's injuries pursuant to LSA-R.S. 9:2791 and 9:2795. These statutes limit the liability of public entities for accidents occurring on "lands, whether urban or rural, which are owned, leased, or *439 managed as a public park by the state or any of its political subdivisions and which are used for recreational purposes," with an exception for intentional or grossly negligent acts by an employee of the public entity. Plaintiffs opposed the Motion for Summary Judgment, asserting that defendants waived their immunity defense under LSA-R.S. 9:2791 and 9:2795, because they did not plead it as an affirmative defense in their Answer. They further argue that these immunity statutes do not apply to this case, because the incident occurred on a jetty, not a "public park."
On May 12, 2004, defendants filed a Motion for Leave to File Amended Answer, which was granted by the trial court. On May 14, 2004, defendants filed an Amended Answer, setting forth "the defense of immunity as provided by Louisiana Revised Statutes 9:2791 and 9:2795 based on the recreational nature of the fishing jetty at issue." The Motion for Summary Judgment came for hearing on May 17, 2004. On May 21, 2004, the trial court issued a judgment, denying defendants' motion and finding that ". . . for purposes of this summary judgment only, defendants have not established that the incident site was a `park' under a (required) strict construction of Louisiana's `Recreational Use Immunity Statutes,' La. R.S. §§ 9:2791 and 9:2795." The trial court further stated that "[t]he Court has allowed defendant to amend its answer to include the affirmative defense of Immunity."
Trial of this matter was held on June 1 and 2, 2004. On August 30, 2004, the trial court signed a judgment in favor of defendants, dismissing plaintiffs' claims against them. In his reasons for judgment, the trial judge found that the fishing jetty is managed as a public park by St. Charles Parish and qualifies for the limitation of liability in LSA-R.S. 9:2795. It is from this judgment that plaintiffs appeal.

LAW AND DISCUSSION
In their first assignment of error, plaintiffs contend that the trial court erred in permitting defendants to amend their pleadings to add the affirmative defense of immunity only days before trial, to the prejudice of plaintiffs. They assert that the trial court should not have allowed the amendment, because defendants did not plead immunity as an affirmative defense in their original Answer or at any time prior to ten days before trial. Defendants respond that the provisions of LSA-R.S. 9:2791 and 9:2795 are not affirmative defenses that must be pled in their Answer; rather, they are simply statutes that impose limitations of liability.
LSA-C.C.P. art. 1005 provides in pertinent part:
The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense.
An affirmative defense is a defense to the action which will have the effect of defeating plaintiff's demand on its merits. Abadie v. Markey, 97-684 (La. App. 5 Cir. 3/11/98), 710 So.2d 327, 332; Brantley v. State Farm, 37,601 (La.App. 2 Cir. 1/28/04), 865 So.2d 265, 270. In the present case, the defense of immunity under LSA-R.S. 9:2791 and 9:2795 has the effect of defeating plaintiffs' suit on its merits. Accordingly, it is an affirmative defense that must be specifically pled. The defendants did not assert their immunity defense in their original Answer, but the trial judge granted defendants' Motion *440 to Amend Answer. Failure to plead an affirmative defense in defendants' Answer does not automatically preclude the application of the defense. Furlough v. Union Pacific Railroad, Co., 33,658 (La.App. 2 Cir. 8/31/00), 766 So.2d 751, 756, writ denied, 00-2929 (La.1/12/01), 781 So.2d 556; Snearl v. Mercer, 99-1738 (La.App. 1 Cir. 2/16/01), 780 So.2d 563, 572, writs denied, 01-1319, 01-1320 (La.6/22/01), 794 So.2d 800. The trial court is vested with broad discretion in ruling on motions to amend pleadings, and its decision to grant a Motion to Amend may not be disturbed absent an abuse of discretion. Hogan v. State Farm Automobile Insurance Co., 94-0004 (La.App. 1 Cir. 12/22/94), 649 So.2d 45, 50, writ denied, 95-0215 (La.3/17/95), 651 So.2d 276.
The purpose of the requirement that an affirmative defense be specifically pled is to give fair notice of the nature of the defense and to prevent surprise. Young v. St. Landry Parish School Board, 99-581 (La.App. 3 Cir. 12/15/99), 759 So.2d 800, 803-804, writ denied, 00-118 (La.3/17/00), 756 So.2d 1144; Salter v. State Through Dept. of Health and Human Resources, 91-2081 (La.App. 1 Cir. 12/23/92), 612 So.2d 163, 166. In the instant case, defendants amended their Answer on May 14, 2004. Plaintiffs argue that they were prejudiced when the trial court allowed defendants to amend their Answer "only days before trial," because they had no opportunity to conduct discovery on the immunity issue or to prepare and oppose this defense. However, plaintiffs had notice that defendants were asserting an immunity defense when defendants raised this defense in their Motion for Summary Judgment filed April 30, 2004. Further, if plaintiffs believed that more time for discovery or preparation was necessary, they could have asked for additional time to conduct discovery or to continue the trial. In a memorandum in support of their Motion for Summary Judgment, defendants indicated that they would not object if plaintiffs requested additional time to conduct discovery and/or to continue the trial date. However, plaintiffs did not request time to perform additional discovery or to continue the trial date.[1]
As stated above, the trial court has broad discretion in ruling on motions to amend pleadings. Considering the record before us, we find that the trial court did not abuse its discretion by allowing defendants to amend their Answer to assert the affirmative defense of immunity under LSA-R.S. 9:2791 and 9:2795. Accordingly, this assignment of error is without merit.
In their second assignment of error, plaintiffs argue that the trial court erred by improperly relying on an expansive dictionary definition to find that the jetty is a "public park" and by broadly construing and applying Louisiana's Recreational Use Immunity Statutes. They assert that the jetty is a "12 foot-wide strip of concrete rip-rap capped with clay that projects into Lake Pontchartrain," and that it does not have any of the fundamental features of a park, such as equipment, sidewalks, benches, tables, signs, lights, shrubbery, electricity, and lighting. They further argue that there are no documents establishing that the jetty is a park.
Defendants respond that the fishing jetty was built and used for recreational activities *441 that involve a "park." They contend that because the term "park" is not defined in the statutes or caselaw, the trial court properly referred to Webster's II New College Dictionary, p. 799 (2001), which defines "park" as "[a] tract of land reserved for public usean expanse of enclosed grounds for recreational use." They further assert that a "park" is clearly an area that provides recreational facilities.
At trial, Monique Granier, who is the risk manager for St. Charles Parish, testified that the St. Charles Department of Parks and Recreation is responsible for maintaining the fishing jetty. She also testified that the United States Park Rangers patrol the entire Bonne Carre Spillway, including the jetty. Earl Matherne, who is the Coastal Zone Management Administrator for St. Charles Parish, testified that he was responsible for the initial permitting of the jetty, and that the fishing jetty is a recreational area used for fishing, crabbing, and other recreational activities.
We find no error in the trial court's finding that the jetty constitutes a public park that is managed by St. Charles Parish through its Department of Parks and Recreation. LSA-R.S. 9:2791 and 9:2795 extend to urban or rural lands that are owned, leased, or managed as a public park. The record in this case supports the trial court's finding that the jetty is used and managed as a public park, making the Recreational Use Immunity Statutes applicable in this case. Accordingly, the trial court properly applied these immunity statutes to this case, and this assignment of error is without merit.

DECREE
For the reasons set forth above, we affirm the judgment of the trial court, dismissing plaintiffs' claims against defendants.
AFFIRMED.
NOTES
[1] In their reply brief on appeal, plaintiffs contend that they did not want to continue the trial because Mr. Zulli had health problems, including the need for a second hip replacement surgery. On appeal, they ask this Court to grant a new trial to allow plaintiffs the opportunity to conduct additional discovery, in the event that this Court permits defendants to raise the affirmative defense of immunity.