| GILBERT WILSON | NO. 20-C-1 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| LINCOLN BENEFIT LIFE COMPANY | COURT OF APPEAL |
| | STATE OF LOUISIANA |

February 18, 2020

Susan Buchholz
Chief Deputy Clerk

**IN RE** LINCOLN BENEFIT LIFE COMPANY

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE MADELINE JASMINE, DIVISION "A", NUMBER 69,274

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Stephen J. Windhorst

## WRIT GRANTED; JUDGMENT REVERSED; MOTION FOR LEAVE GRANTED; MATTER REMANDED

Relator/defendant, Lincoln Benefit Life Company, seeks this Court's supervisory review of the trial court's December 4, 2019 judgment which denied defendant's motion for leave to file a first amending and restated answer and affirmative defenses. For the following reasons, we grant this writ application, reverse the judgment under review, grant defendant's motion for leave to file its first amending and restated answer and affirmative defenses, and remand the matter to the trial court for further proceedings consistent with this disposition.

On April 18, 2016, plaintiff/respondent, Gilbert Wilson, filed a petition for damages against defendant, alleging that his brother, Lionel Wade Wilson, was issued a life insurance policy by defendant with an effective date of April 8, 2013. The petition alleged that plaintiff was the primary beneficiary of the policy, and that Lionel died as a result of prostate cancer on February 22, 2015. The petition further alleged that because Lionel's death was within the two-year contestable period of the contract, defendant conducted an investigation to determine the extent of its liability, and that as a result of the investigation, defendant denied plaintiff's claim due to Lionel's failure to disclose psychiatric issues. Plaintiff alleged that the denial of his claim was arbitrary, capricious, and/or in bad faith.

On May 31, 2016, defendant filed an answer and affirmative defenses. On October 8, 2018, defendant filed a motion for leave to file a first amending and restated answer and affirmative defenses. The amendment sought to add the following two affirmative defenses:

<u>Sixth Defense</u>

Plaintiff's claims are barred, in whole or in part, by the limits, provisions, terms, conditions, endorsements and/or exclusions of Lincoln's life insurance policy number 01N1E45663 ("the Policy"), including but not limited to incontestability provisions provided in the rider, which are adopted herein as if copied in their entirety.

<u>Seventh Defense</u>

Lincoln asserts all defenses available under La. R.S. 22:860(B), including the affirmative defense of misrepresentation. Lincoln further asserts that the misrepresentation made by the applicant Lionel Wade Wilson was made with actual intent to deceive, and that the misrepresentation materially affected either the acceptance of the risk or the hazard assumed by Lincoln under the Policy. This misrepresentation voids the Policy and/or entitles Lincoln to rescind the Policy.

In its motion, defendant argued that the amendment was brought in good faith, discovery is not complete, there is no scheduling order in the case, and no trial date has been set.

In his opposition to the motion, plaintiff argued that the subject affirmative defenses are conclusory and legally insufficient. Plaintiff further argued that the inclusion of said affirmative defenses would be unduly burdensome, in that it would require plaintiff to undertake extensive discovery and possibly require him to retain experts.

Following a hearing on November 21, 2019,[1] the trial court denied the motion by written judgment dated December 4, 2019, stating that "affirmative defenses must be initially raised in the Answer."

In its writ application, defendant argues that the trial court erred as a matter of law in holding that affirmative defenses are lost if not "initially raised in the Answer." Further, defendant argues that the trial court abused its discretion in denying leave to amend where there is no trial date, no relevant deadlines, no surprise to plaintiff, and no undue prejudice or delay.

In his opposition to the writ application, plaintiff contends that there was no error of law because the trial court's judgment did not make a determination that defendant waived its affirmative defenses when it failed to raise them in its original answer. Additionally, plaintiff argues that the trial court did not abuse its discretion because: 1) the defense of misrepresentation could have and should have been raised in defendant's original answer; 2) the new defenses are not alleged with factual specificity; 3) their addition would be unduly burdensome since plaintiff would be required to hire experts and conduct extensive discovery; 5) the proposed amendment is contrary to Louisiana's principle of fact pleading; and 6) even with additional facts, the new defenses are unfounded.

A defendant may amend his answer once without leave of court at any time within ten days after the petition has been served. Otherwise, the answer may only be amended by leave of court or by written consent of the adverse party. La.

---

[1] The writ application did not include a copy of the transcript of this hearing; rather, it only includes a minute entry indicating that a hearing was held on the motion for leave and that the matter was "submitted."

C.C.P. art. 1151. The trial court is vested with broad discretion in ruling on motions to amend pleadings, and its decision to grant or deny a motion to amend may not be disturbed absent an abuse of discretion. *Zulli v. Coregis Ins. Co.*, 05-155 (La. App. 5 Cir. 7/26/05), 910 So.2d 437, 440, *writ denied*, 05-2226 (La. 2/17/06), 924 So.2d 1017. Liberality is appropriate to the amendment process where: 1) the moving party is acting in good faith; 2) the amendment is not being used as a delaying tactic; 3) the opponent will not be unduly prejudiced; and 4) the trial will not be unduly delayed. *Rainey v. Entergy Gulf States, Inc.*, 01-2414, (La. App. 1 Cir. 11/8/02), 840 So.2d 586, 589-90, *on reh'g*, 01-2414 (La. App. 1 Cir. 6/25/04), 885 So.2d 1193. An affirmative defense is a defense to the action which will have the effect of defeating a plaintiff's demand on the merits and must be affirmatively pled. *Zulli*, 910 So.2d at 439.

Upon review, we have found no statute or jurisprudence that requires a defendant to bring his affirmative defenses *only* in his original answer. Further, defendant sought to amend its answer at a time when there were no pending deadlines and the case had not yet been set for trial. Thus, plaintiff has not shown that he will be unduly prejudiced by the granting of the motion for leave. We further find that, on the showing made, defendant, as the moving party, was acting in good faith in filing the motion for leave, the amendment was not being used as a delaying tactic, and the trial will not be unduly delayed by the filing of the first amending and restated answer and affirmative defenses. *See Rainey*, *supra*. Therefore, considering the writ application, the opposition thereto, and the reply to the opposition, we find that the trial court abused its broad discretion in denying defendant's motion for leave to file its first amending and restated answer and affirmative defenses.

For the foregoing reasons, we grant defendant's writ application, reverse the trial court judgment under review, grant defendant's motion for leave to file its first amending and restated answer and affirmative defenses, and remand the matter to the trial court for further proceedings consistent with this disposition.

Gretna, Louisiana, this 18th day of February, 2020.

**JGG**
**RAC**
**SJW**

3

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **02/18/2020** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**20-C-1**

### E-NOTIFIED

40th District Court (Clerk)
Honorable Madeline Jasmine (DISTRICT JUDGE)
Judy Y. Barrasso (Relator)
Christopher U. Robles (Respondent)
Kelly S. Rizzo (Respondent)

### MAILED

Travis J. Causey, Jr. (Respondent)
John W. Redmann (Respondent)
Edward L. Moreno (Respondent)
Attorneys at Law
1101 Westbank Expressway
Gretna, LA 70053

Stephen R. Klaffky (Relator)
Madison A. Sharko (Relator)
Attorneys at Law
909 Poydras Street
Suite 2350
New Orleans, LA 70112