STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0792

CRAIG AUCOIN

VERSUS

SHERIFF JERRY J. LARPENTER, EX OFFICIO AS THE TERREBONNE PARISH
SHERIFF, TERREBONNE PARISH CONSOLIDATED GOVERNMENT THROUGH
THE PARISH PRESIDENT GORDON E. DOVE, AND RICHARD "PETIE" NEAL

Judgment Rendered:   APR 1 6 2021

* * * * * *

On Appeal from the Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
No. 181,770

Honorable Randall L. Bethancourt, Judge Presiding

* * * * * *

Donna U. Grodner
Baton Rouge, Louisiana

Counsel for Plaintiff/Appellant
Craig Aucoin

Richard E. McCormack
Gus A. Fritchie, III
New Orleans, Louisiana
And
W. Seth Dodd
William F. Dodd
Houma, Louisiana

Counsels for Defendant/Appellee
Jerry J. Larpenter

Brian J. Marceaux
Julius P. Hebert, Jr.
Houma, Louisiana

Counsel for Defendants/Appellees
Terrebonne Parish Consolidated
Government and Richard "Petie" Neal

* * * * * *

BEFORE:  GUIDRY, McCLENDON, AND LANIER, JJ.

**McCLENDON, J.**

The trial court granted summary judgment finding that defendants were immune from liability for plaintiff's claims pursuant to statute. Plaintiff appealed. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On July 22, 2017, Craig Aucoin was incarcerated at the Terrebonne Parish Criminal Justice Complex (TPCJC). Aucoin and nine other inmates were assigned to sleep on mattresses placed over "boats"[1] on the floor of the "B-100" dormitory. Aucoin was asleep on his mattress and boat, which were located along the edge of the second story tier of the dormitory, against the balcony railing. The bottom rail was approximately five to six inches above the landing, so that the top of Aucoin's mattress, when placed over the boat, was higher than the bottom rail. At 3:23 a.m., Aucoin rolled over the bottom rail of the balcony and fell from the second story. He struck a metal table and then fell several more feet before landing on the ground floor on his stomach, sustaining injuries.

On January 12, 2018, Aucoin filed a petition for damages, naming as defendants Sheriff Jerry Larpenter, as the administrator of the TPCJC; Terrebonne Parish Consolidated Government (TPCG), as the employer of the health care providers working at TPCJC; and Richard "Petie" Neal, EMT, as medical administrator of the TPCJC and employee of TPCG. In his petition, Aucoin alleged that he sustained numerous injuries in his fall that affected his back, shoulder, hip, leg, and head, and caused serious emotional distress and suffering; that he was denied certain medical care he requested; that he was provided inadequate medical care that was noncompliant with physician's orders, which exacerbated his injuries[2]; that he was confined to a wheelchair as a result of his injuries and was therefore vulnerable to attack by other inmates in the general population; and that the defendants had exhibited wanton or reckless disregard, or malice or willfulness to cause injury, and violated his constitutional rights as an inmate

---

[1] The petition described a "boat" as a "rigid plastic structure around seven (7) inches in height" which is placed directly on the floor, with a mattress placed over it.

[2] The record is clear that Aucoin received medical care.

2

confined to prison. Aucoin also asserted that he had completed multiple medical grievances at the time suit was filed.

TPCG and Neal (collectively, "appellees") filed an answer in response to Aucoin's petition on March 5, 2018. On November 12, 2019, appellees filed a motion seeking summary judgment on the issue of liability. Specifically, appellees asserted that they were entitled to immunity under LSA-RS. 15:703, LSA-R.S. 9:2798.1, and LSA-R.S. 40:1131.3 and argued that their provision of medical treatment to Aucoin was not grossly negligent. Thus, appellees sought summary judgment finding that they were entitled to immunity, that the medical treatment provided to Aucoin was not grossly negligent, and that they were not liable to Aucoin for any injuries or damages he may have suffered as a result of his fall. In support of their motion for summary judgment, appellees attached the following exhibits: exhibit 1, Aucoin's petition for damages; exhibit 2, Aucoin's TPCJC medical records; exhibit 3, July 22, 2017 TPCJC incident report regarding Aucoin's fall; exhibit 4, Aucoin's responses to discovery requests propounded by TPCG and Neal; exhibit 5, Aucoin's deposition; exhibit 6, Neal's affidavit; exhibit 7, the expert opinion of R. Demaree Inglese, M.D.; exhibit 8, Dr. Inglese's supplemental expert report; exhibit 9, Dr. Inglese's curriculum vitae; and exhibit 10, Dr. Inglese's affidavit.

In opposition to appellees' motion for summary judgment, Aucoin argued that appellees were barred from claiming immunity pursuant to LSA-R.S. 9:2798.1 because it "does not apply to negligence cases." Aucoin also claimed that appellees waived the right to assert the defense of immunity under LSA-R.S. 15:703 or LSA-R.S. 40:1131.13, or "Any defense related to a lack of gross negligence," because appellees failed to raise these defenses in their answer to Aucoin's petition. Aucoin attached a response to appellees' statement of material facts, in which he identified thirty-one of appellees' statements of fact as "Not relevant to the MSJ." Aucoin did not attach any other exhibits in support of his opposition to appellees' motion for summary judgment. Aucoin

3

also filed three motions in limine in response to appellees' motion for summary judgment, which appellees opposed.[3]

In response to Aucoin's opposition to summary judgment, appellees filed a reply memorandum and a motion to file a supplemental and amending answer. Appellees' reply memorandum maintained that Aucoin's characterization of their statements of material facts as "Not relevant to the MSJ" did not constitute a denial of those facts, and therefore the facts at issue must be deemed admitted. Appellees' reply also contended that Aucoin failed to object to any of the exhibits attached to their motion for summary judgment in a timely opposition or reply memorandum, and thus, all of appellees' exhibits must be considered by the trial court. Appellees' motion to file a supplemental and amending answer pointed out that their original answer specifically asserted immunity under LSA-R.S. 9:2798.1, as well as "all statutory or jurisprudential immunity available to them under the law." Appellees also argued that gross negligence was not an affirmative defense required to be pled in an answer, but rather was Aucoin's burden of proof. However, appellees sought leave of court to amend their answer to affirmatively plead the defenses and immunities provided pursuant to LSA-R.S. 9:2798.1, LSA-RS. 15:703, and LSA-R.S. 40:1131.3. The trial court executed a written order permitting the supplemental and amending answer to be filed as prayed for on December 18, 2019.[4]

Aucoin also filed a motion to strike appellees' motion for summary judgment and memorandum in support, arguing that it had not been served in compliance with law. In opposition, appellees argued that they had timely requested service on Aucoin, but the Sheriff's Office had failed to timely serve it. Thus, appellees suggested a continuance may be appropriate. Aucoin filed a reply memorandum in support of his

---

[3] The first motion in limine sought suppression of medical records prior to July 22, 2017, arguing that the referenced medical records were irrelevant, distracting, and would only be used to confuse the court The second motion in limine sought to exclude evidence of prior convictions, fights, arrests, incident reports, and disciplinary reports, arguing that the referenced evidence had no probative value and were outweighed by their prejudicial effect, or were hearsay. The third motion in limine sought to exclude the opinion of expert witness Dr. Inglese. Aucoin contended that certain portions of Dr. Inglese's opinions were highly prejudicial, not supported by facts, not the type of information a medical expert should rely on in rendering a medical opinion, or otherwise objectionable.

[4] Aucoin filed an opposition to the motion to amend on December 30, 2019, after the trial court had allowed the amendment. The record does not indicate why appellees' motion for leave to amend their answer was set for hearing after the trial court had granted the motion.

motion to strike appellants' motion for summary judgment on December 27, 2019. On December 20, 2019, the trial court ordered the continuance of appellees' motion for summary judgment, together with all other pending motions, to January 29, 2020.

Thus, on January 29, 2020, the following motions were before the court: Aucoin's three motions in limine; appellees' motion to file a supplemental and amending answer; appellees' motion for summary judgment; and a motion for summary judgment filed by Sheriff Larpenter, seeking dismissal of Aucoin's claims against him. The trial court granted both motions for summary judgment in open court, and stated that it was adopting the defendants' memorandums in support as reasons for judgment. In the trial court's oral reasons, with respect to appellees' motion for summary judgment specifically, the trial court stated, "I do believe the immunity statutes apply." The trial court further ruled that all other matters set for hearing were moot. Thereafter, the trial court executed a written judgment in conformity with its oral ruling granting Sheriff Larpenter's motion for summary judgment on February 28, 2020. Likewise, the trial court executed a written judgment in conformity with its oral ruling granting appellees' motion for summary judgment on March 5, 2020.

On June 3, 2020, Aucoin filed a motion for and notice of appeal that improperly sought appellate review of both the February 28, 2020 judgment in favor of Larpenter, and the March 5, 2020 judgment in favor of appellees in one appeal. This Court noticed the lodging of the appeal of the March 5, 2020 judgment in favor of appellees on August 31, 2020. Thus, we consider the March 5, 2020 judgment granting the motion for summary judgment filed by appellees herein.[5]

## MOTION FOR SUMMARY JUDGMENT

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. **Murphy v. Savannah**, 2018-0991 (La. 5/8/19), 282 So.3d 1034, 1038. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue

---

[5] Aucoin later filed filed an appeal of the February 28, 2020 judgment in favor of Sheriff Larpenter. On February 5, 2021, Aucoin filed a motion to consolidate the appeals, which this Court denied by action dated February 11, 2021.

as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. LSA-C.C.P. art. 966(A)(4). However, the court shall consider any documents filed in support of or in opposition to the motion for summary judgment to which no objection is made. LSA-C.C.P. art. 966(D)(2).

The burden of proof on a motion for summary judgment rests with the mover. LSA-C.C.P. art. 966(D)(1). When the moving party will bear the burden of proof at trial, he must support his motion for summary judgment with credible evidence that would entitle him to a directed verdict if not controverted at trial. **Hines v. Garrett**, 2004-0806 (La. 6/25/04), 876 So.2d 764, 766 (per curiam). Such an affirmative showing shifts the burden of production to the party opposing the motion and requires the opposing party to produce evidence to demonstrate the existence of a genuine issue for trial. **Hines**, 876 So.2d at 766-767. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. LSA-C.C.P. art. 966(D)(1).

Appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Leet v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.**, 2018-1148 (La.App. 1 Cir. 2/28/19), 274 So.3d 583, 587. In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether or not there is a genuine issue of material fact. **Collins v. Franciscan Missionaries of Our Lady Health Sys., Inc.**, 2019-0577 (La.App. 1 Cir. 2/21/20), 298 So.3d 191, 194, writ denied, 2020-00480 (La. 6/22/20), 297 So.3d 773. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, summary judgment is appropriate.

**Collins**, 298 So.3d at 194-95. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Simply put, a "material" fact is one that would matter at a trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. **Collins**, 298 So.3d at 195.

## ASSIGNMENT OF ERROR NO. 5

In Aucoin's fifth assignment of error, he contends that appellees failed to plead statutory immunity as an affirmative defense in their answer. Aucoin argues that this failure waived the statutory immunity defense, and that the pleadings may not be expanded by means of a motion for summary judgment. Aucoin concludes that the trial court erred in finding that appellees are entitled to statutory immunity as pled in their motion for summary judgment.

Tort immunity is an affirmative defense for which the one asserting the defense has the burden of proof. **Barabay Prop. Holding Corp. v. Boh Bros. Const. Co.,** 2007-2005 (La.App. 1 Cir. 5/2/08), 991 So.2d 74, 79, writ granted, 2008-1185 (La. 10/10/08), 993 So.2d 1270, and writ denied as improvidently granted sub nom. Barabay Properties Holding Corp. v. Boh Bros. Const. Co. L.L.C., 2008-1185 (La. 3/17/09), 6 So.3d 172. Under LSA-C.C.P. arts. 1003 and 1005, an affirmative defense should be pled in a defendant's answer. **Snearl v. Mercer**, 1999-1738 (La.App. 1 Cir. 2/16/01), 780 So.2d 563, 572, writ denied, 2001-1319 (La. 6/22/01), 794 So.2d 800, and writ denied, 2001-1320 (La. 6/22/01), 794 So.2d 801; see also LSA-C.C.P. arts. 1003 and 1005. An affirmative defense raises a new matter that, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating plaintiff's demand on its merits. The purpose of the statute requiring that certain defenses be affirmatively pled is to give fair and adequate notice of the nature of the defense, preventing last minute surprise. **Succession of Ciervo v. Robinson**, 2019-0140 (La.App. 1 Cir. 12/12/19), 291 So.3d 1063, 1075.

7

In this matter, appellees' answer stated in pertinent part:

## FOURTH DEFENSE

Neal specifically pleads that he is entitled to and protected by the qualified immunity afforded to employees of political subdivisions for acts committed during the course of their official duties.

\*\*\*

## SEVENTH DEFENSE

TPCG and Neal plead that to the extent that any acts or omissions of TPCG and Neal were a cause of the plaintiff's injuries, which is denied, all such acts or omissions constitute policy making or discretionary acts for which TPCG and Neal are immune from liability under La. R.S. 9:2798.1.

\*\*\*

## ELEVENTH DEFENSE

TPCG and Neal are entitled to and plead all statutory or jurisprudential immunity available to them under the law.

As appellees' original answer explicitly pled the affirmative defense of immunity pursuant to LSA-R.S. 9:2798.1, Aucoin's argument that appellees' waived their right to assert immunity is plainly without merit as to LSA-R.S. 9:2798.1. Moreover, appellees' original answer generally pled the affirmative defense of "statutory or jurisprudential immunity available to them under the law." Thus, although the original answer did not explicitly plead the affirmative defense of immunity pursuant to LSA-RS. 15:703 and LSA-R.S. 40:1131.3, these statutory immunities were not "new matters" when appellees raised them specifically in their motion for summary judgment. Further, appellees remedied any failure to explicitly raise their immunity defenses under LSA-RS. 15:703 and LSA-R.S. 40:1131.3 in their original answer by filing a motion to file a supplemental and amending answer on December 13, 2019, which the trial court granted by written order on December 18, 2019.[6] Although Aucoin opposed the amendment, the trial court did not vacate the December 18, 2019 order. Thus, the record before us plainly indicates that appellees' answer as amended did, in fact, specifically plead the

---

[6] Amendments to pleadings should be liberally allowed, provided the movant is acting in good faith, the amendment is not sought as a delaying tactic, the opponent will not be unduly prejudiced, and trial of the issues will not be unduly delayed. The decision as to whether to grant a defendant leave to amend an answer is within the sound discretion of the trial court, and its ruling will not be disturbed on appeal except where an abuse of discretion has occurred and indicates a possibility of resulting injustice. **Barringer v. Robertson**, 2015-0698 (La.App. 1 Cir. 12/2/15), 216 So.3d 919, 926, writ denied, 2016-0010 (La. 2/26/16), 187 So.3d 1004. Moreover, on appeal Aucoin did not assign as error the trial court's order permitting the amendment.

affirmative defense of immunity as set forth in LSA-R.S. 9:2798.1, LSA-RS. 15:703, and LSA-R.S. 40:1131.3.[7] Accordingly, the trial court did not err in permitting appellees to raise the affirmative defense of immunity in their motion for summary judgment. See **Zulli v. Coregis Ins. Co.**, 2005-155 (La.App. 5 Cir. 7/26/05), 910 So.2d 437, 439-40, writ denied, 2005-2226 (La. 2/17/06), 924 So.2d 1017.

Having determined that the trial court properly permitted appellees to raise the issue of immunity pursuant to LSA-R.S. 9:2798.1, LSA-RS. 15:703, and LSA-R.S. 40:1131.3 on their motion for summary judgment, we now consider whether the trial court properly granted appellees' motion for summary judgment on the basis of immunity. At the hearing of appellees' motion for summary judgment, appellees bore the burden of proof both as the moving party seeking summary judgment and as the party asserting the affirmative defense of immunity. **Barabay**, 991 So.2d at 79.; LSA-C.C.P. art. 966(D)(1). Thus, the question before the lower court and this Court, in reviewing the summary judgment, is whether appellees established that they were entitled to immunity under LSA-R.S. 9:2798.1, LSA-RS. 15:703, and/or LSA-R.S. 40:1131.3, and if so, whether Aucoin made a sufficient showing to rebut that application. See **Dominique v. Parish**, 2019-0452 (La.App. 1 Cir. 9/16/20), --- So.3d ---, ---, 2020 WL 5543960, *4, writ denied sub nom. Dominque v. St. Tammany Par., 2020-01202 (La. 12/22/20), 307 So.3d 1045. Immunity statutes must be strictly construed against the party claiming the immunity. **Barabay**, 991 So.2d at 79.

Immunity of TPCG

We first consider whether TPCG is entitled to immunity pursuant to LSA-RS. 15:703. Louisiana Revised Statutes 15:703 provides in full:

> A. The governing authority of each parish shall appoint annually a physician who shall attend the prisoners who are confined in parish jails whenever they are sick. His salary shall be fixed by the governing authority. Any physician so appointed shall be licensed as provided in R.S.

---

[7] Moreover, as set forth above, the purpose of the requirement that an affirmative defense be specifically pled is to give fair notice of the nature of the defense and to prevent surprise to the plaintiff. **Snearl**, 780 So.2d at 572. Aucoin indisputably became aware of appellees' defenses under LSA-RS. 15:703 and LSA-R.S. 40:1131.3 when appellees filed their motion for summary judgment on November 12, 2019, more than two months prior to the hearing on the motion for summary judgment on January 29, 2020. Considering the record before us, Aucoin cannot reasonably argue that he was surprised at the hearing on the motion for summary judgment by appellees' claims of immunity under LSA-R.S. 9:2798.1, LSA-RS. 15:703, and LSA-R.S. 40:1131.3.

9

37:1271 and shall be a qualified health care provider in accordance with R.S. 40:1231.2.

B. In lieu of appointing a physician, the governing authority of any parish may enter into a contract with a health care provider, licensed or regulated by the laws of this state, to provide requisite health care services, as required in this Section. The term "health care provider" as used in this Subsection means a person, partnership, limited liability partnership, limited liability company, corporation, facility, or institution licensed or regulated by the laws of this state to provide health care services or professional services as a physician and qualified as such in accordance with R.S. 40:1231.2.

C. When a physician has been appointed or a contract for health care services for prisoners has been entered into in accordance with this Section, any action by a prisoner or his representative to recover damages or any other losses, including those for the death of the prisoner, as a result of the actions or inactions of the physician or health care provider in the performance or nonperformance of health care services shall be governed by the provisions of R.S. 40:1231.1 et seq. The term "health care provider" as used in this Subsection shall be as defined in R.S. 40:1231.1.

D. The sole responsibility of the governing authority of each parish which is mandated by the provisions of this Section with respect to providing health care services for prisoners shall be the appointment of a physician and the payment of the salary of that physician or its contractual obligations with a health care provider selected in accordance with this Section. **The parish and its governing authority shall not be liable for any action arising as a result of the actions or inactions of the physician or health care provider, whether ex delicto or ex quasi delicto or ex contractu, by a prisoner or his representative to recover damages or any other losses, including those for the death of the prisoner, unless the governing authority exercises gross negligence or willful misconduct in the performance of its duties and obligations imposed by this Section, and such gross negligence or willful misconduct was a substantial factor in causing the injury.**

(Emphasis added.)

Louisiana Revised Statutes 15:703(D) explicitly states that the parish government's sole responsibility with respect to providing health care services for prisoners is "the appointment of a physician and the payment of the salary of that physician or its contractual obligations with a health care provider selected in accordance with this Section." Once this responsibility is met, TPCG is immune from liability for any action arising as a result of the actions or inactions of the physician or health care provider selected, unless TPCG "exercises gross negligence or willful misconduct in the performance of its duties and obligations imposed by [LSA-R.S. 15:703], and that gross negligence or willful misconduct was a substantial factor in causing the injury." LSA-R.S. 15:703(D).

10

As noted above, appellees supported their motion for summary judgment with Neal's affidavit. Neal attested that TPCG contracts with emergency room technicians (EMTs) who provide care under the direction of a nursing supervisor and subject to standing orders issued by the jail physicians. Neal further stated that during all relevant time periods herein, Dr. Richard M. Haydel and Dr. Scott A. Haydel, of Haydel Family Practice, have served as jail physicians for TPCJC pursuant to a contract with TPCG. Thus, appellees put forth proof that TPCG satisfied its responsibility to appoint a physician or contract with a health care provider to provide health care services for prisoners pursuant to LSA-R.S. 15:703 by contracting with the Haydels to attend TPCJC prisoners. TPCG therefore established that it was immune from liability for any action arising as a result of the actions or inactions of the physician or health care provider selected, unless TPCG "**exercise[d] gross negligence or willful misconduct in the performance of its duties and obligations imposed by [LSA-R.S. 15:703]**, and that gross negligence or willful misconduct was a substantial factor in causing the injury." (Emphasis added.); LSA-R.S. 15:703(D).

Appellees' affirmative showing that TPCG satisfied their statutory duty pursuant to LSA-R.S. 15:703 shifted the burden to Aucoin as the party opposing the motion, and required Aucoin to produce evidence of specific facts to demonstrate the existence of a genuine issue for trial. LSA-C.C.P. art. 967(A) and (B); **Hines**, 876 So.2d at 766-67. However, Aucoin did not put forth any proof, or even allege, that TPCG failed to appoint a physician or contract with a healthcare provider, or that TPCG was grossly negligent or exercised willful misconduct in the performance of its duty. Accordingly, pursuant to LSA-R.S. 15:703(D), TPCG is immune from liability for damages or any other losses arising as a result of the actions or inactions of the physician or health care provider, whether ex delicto or ex quasi delicto or ex contractu, by a prisoner or his representative to recover damages or any other losses. Therefore, we find that the trial court properly sustained the motion for summary judgment with respect to TPCG.

Immunity of Neal

We first consider whether Neal is entitled to immunity pursuant to LSA-R.S. 15:703. The plain language of LSA-R.S. 15:703(D) provides that "The parish and its

11

governing authority shall not be liable..." Clearly, LSA-R.S. 15:703(D) provides immunity only for the parish and its governing authority. Therefore, LSA-R.S. 15:703(D) does not apply to Neal.

We next examine appellees' claim that Neal is entitled to immunity pursuant to LSA-R.S. 40:1133.13. Although LSA-R.S. 40:1133.13 grants emergency medical personnel qualified immunity for liability from ordinary negligence claims, this immunity only applies under limited circumstances. First, the EMT must be rendering emergency medical care to an individual while in the performance of his medical duties. Second, the EMT must be following the instructions of a physician. Third, the immunity from liability does not apply to acts or omissions intentionally designed to harm, or for grossly negligent acts or omissions which result in harm to such an individual. LSA-R.S. 40:1133.13(A)(1). **Shepherd v. Baton Rouge Cardiology Center**, 2019-0802 (La.App. 1 Cir. 3/12/20), 300 So.3d 893, 897. Aucoin's claims against Neal in this matter are not related to emergency care Neal rendered to Aucoin while in the performance of his medical duties. Rather, Aucoin's claims against Neal are related to Neal's position and duties as the medical administrator of TPCG. Thus, Neal is not entitled to immunity pursuant to LSA-R.S. 40:1133.13.

Lastly, we consider whether Neal is entitled to immunity under LSA-R.S. 9:2798.1. Louisiana Revised Statute 9:2798.1 exempts public entities from liability for their employees' discretionary or policy-making acts. Specifically, under LSA-R.S. 9:2798.1, public entities and their officers and employees are immune from tort claims based on their policy-making decisions or discretionary acts carried out within the course and scope of their employment. **Dominique**, --- So.3d at ---, 2020 WL 5543960 at *5. An exception to the immunity applies when the acts or omissions constitute "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct." **Ballex v. Municipal Police Employees' Retirement System**, 2016-0905 (La.App. 1 Cir. 4/18/17), 218 So.3d 1076, 1084, <u>writ denied</u>, 2017-00822 (La. 9/22/17), 228 So.3d 743; LSA-R.S. 9:2798.1(B) & (C)(2). As set forth in LSA-R.S. 9:2798.1:

12

A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.

B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

C. The provisions of Subsection B of this Section are not applicable:

(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or

(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.

At the outset, we note that TPCG is clearly a public entity as defined in LSA-R.S. 9:2800(G)(1).[8] **Price v. Waterworks Dist. #1**, 2009-0032 (La.App. 1 Cir. 9/11/09) 2009 WL 3161533, *2 (unpublished). Additionally, appellees submitted Neal's affidavit in support of their motion for summary judgment, in which Neal attested that he has been employed by TPCG as the medical administrator for the TPCJC since 2004. Thus, it is clear that appellees TPCG and Neal qualify as a public entity and its officer or employee, respectively.

Regarding whether Aucoin's claims against appellees arise from their policymaking or discretionary acts in the course and scope of their lawful powers and duties, such that appellees are entitled to immunity pursuant to LSA-R.S. 9:2798.1, we apply a two-step test devised by the Louisiana Supreme Court in **Fowler v. Roberts**, 556 So.2d 1-15 (La. 1989) (on rehearing). First, if a statute, regulation, or policy prescribes a particular course of action, there is no choice or discretion involved, and the immunity does not apply. However, when discretion is involved, the court must then

---

[8] LSA-R.S. 9:2800(G)(1) provides in pertinent part, "'Public entity' means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions."

determine whether that discretion is the kind that is shielded by the statutory immunity, that is, discretion grounded in social, economic or political policy. **Doe v. ABC School**, 2019-0983 (La.App. 1 Cir. 12/17/20), --- So.3d ---, ---, 2020 WL 7396260, *7, writ denied, 2021-00098 (La. 3/9/21), --- So.3d ---, 2021 WL 869060.[9] The immunity statute does not protect operational governmental decisions, but only confers immunity for discretionary decisions based on social, economic, or political concerns. In other words, when the government acts negligently for reasons unrelated to public policy considerations, it is liable to those it injures. **Dominique**, --- So.3d at ---, 2020 WL 7396260 at *7.

Here, LSA-R.S. 15:703 mandates that TPCG, as the governing authority of Terrebonne Parish, appoint a physician or contract with a health care provider to provide healthcare services to prisoners who are confined in parish jails. Additionally, Louisiana Administrative Code Title 22, Part III, §2909(A), which addresses the medical and health care provisions of Louisiana's minimum jail standards, provides in pertinent part, "A licensed physician shall be responsible for the health care program and for the practice of medicine in the institution, and no restrictions shall be placed on the medical judgment of the physician." Thus, while it is plain that appellees were mandated to appoint or contract with a healthcare provider in order to provide Aucoin with medical services, and to meet other mandatory minimum standards as set forth in §2909, it is equally clear that Aucoin's complaints regarding the manner in which that care was administered and provided involved discretion. Further, there is a presumption that when government employees exercise discretion given to them by a statute, regulation, or policy, they are doing so based on the same policy concerns that animate the

---

[9] In a subsequent plurality opinion in **Gregor v. Argenot Great Cent. Ins. Co.**, 2002-1138 (La. 5/20/03), 851 So.2d 959, 966-68, the Supreme Court indicated that the analysis given to LSA-R.S. 9:2798.1 by **Fowler** and its progeny was faulty because it did not apply Louisiana's rules governing statutory interpretation, but instead, relied on federal jurisprudence regarding a dissimilar Louisiana statute in reaching its conclusion that the immunity provided for in the Louisiana statute only exists when there is a discretionary act or function "grounded in social, economic or political policy." **Gregor** correctly noted that LSA-R.S. 9:2798.1 does not contain the language "grounded in social, economic or political policy," nor does it make a distinction between operational acts, ministerial acts, or policymaking acts. Nevertheless, the **Gregor** court concluded that the governmental defendant in that case was not immune because the actionable conduct "was not a decision grounded in social, economic, or political policy. It was operational negligence in enforcing the sanitary code." **Gregor**, 851 So.2d at 968. The **Gregor** court thus based its decision on the same grounds articulated and applied in **Fowler** and its progeny. For this reason, this Court has previously determined that we do not construe **Gregor** as overruling the two-step test applied in **Fowler** for the application of Section 9:2798.1. See **Greene v. Succession of Alvarado**, 2015-1960 (La.App. 1 Cir. 12/27/16), 210 So.3d 321, 330, n. 5.

controlling statute or regulation itself. See **Dominique**, --- So.3d at ---, 2020 WL 5543960 at *7. Accordingly, we find that the discretionary immunity set forth in LSA-R.S. 9:2798.1 applies to Neal's actions regarding his duties as the medical administrator of TPCJC.

However, the immunity provided by LSA-R.S. 9:2798.1 is not applicable to the defendants if their actions constituted "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct." LSA-R.S. 9:2798.1(C)(2). Thus, having found that appellees would qualify for immunity under the statute, the next question before us is whether Aucoin put forth evidence showing that the conduct of the defendants rose to the level of misconduct required by LSA-R.S. 9:2798.1(C)(2). **Simmons v. Hughes**, 2019-1389 (La.App. 1 Cir. 11/25/20), --- So.3d ---, ---, 2020 WL 6948991, *7, reh'g denied (Jan. 4, 2021).

To the extent that Aucoin argues he received inadequate medical care, or was denied certain medical care he requested, we find no merit. As noted above, appellees submitted the expert opinion and affidavit of Dr. Inglese in support of their motion for summary judgment. Dr. Inglese has testified in both federal and state courts and has been qualified as an expert in numerous areas such as internal medicine, emergency medicine, and critical care. Most pertinent to this matter, Dr. Inglese has been qualified as an expert in correctional health care. He is intimately familiar with the standards of care expected in a jail setting because he has served as the medical director for two large parish jails and consulted for over forty correctional facilities nationwide. Prior to preparing his expert report, Dr. Inglese reviewed Aucoin's petition, Aucoin's medical records, the incident report, Aucoin's deposition, Aucoin's discovery responses, Aucoin's arrest and incarceration records, medical literature regarding vertebral disc disease, and jail standards promulgated by the National Commission on Correctional Health Care (NCCHC), the American Correctional Association (ACA), and the Louisiana Department of Corrections' Basic Jail Guidelines (BJG). Dr. Inglese prepared a detailed summary of Aucoin's fall and all subsequent treatment he received, which was consistent with this Court's review of the record. Dr. Inglese submitted his expert report, wherein he concluded:

15

It is my opinion, as an expert in correctional health care and internal medicine, that Dr. Richard Haydel and [TPCJC] health staff met prevailing standards of good care in their treatment of Mr. Aucoin both before and after his July 22, 2017 injury.

Dr. Inglese also prepared a supplemental report in order to emphasize the following point: "*Dr. Haydel's medical treatment of Mr. Craig Aucoin at the TPCJC was completely appropriate. Dr. Haydel acted exactly as a jail medical provider should; he practiced primary care medicine and relied upon necessary diagnostic studies and expert consultation when indicated.*" (Emphasis original.)

Thus, our review of the record indicates that the defendants properly established the material facts through their supporting documentary evidence and pointed out the absence of factual support for Aucoin's contention that the defendants' actions in providing him medical care were inadequate or insufficient, let alone that they constituted "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct" sufficient to exclude appellees from the immunity they are generally entitled to pursuant to LSA-R.S. 9:2798.1. See LSA-C.C.P. art. 966(D)(1); see also LSA-R.S. 9:2798.1(C)(2). Accordingly, the burden shifted to Aucoin as the non-moving party to produce factual support, through the use of proper documentary evidence attached to his opposition, which establishes the existence of a genuine issue of material fact or that the defendants are not entitled to judgment as a matter of law. See LSA-C.C.P. art. 966(D)(1). **Simmons,** --- So.3d at ---, 2020 WL 6948991 at *9. However, the only document Aucoin attached to his opposition to appellees' motion for summary judgment was a response to appellees' statement of material facts. Because Aucoin did not attach any exhibits in support of his opposition to appellees' motion for summary judgment which contradicted those submitted by appellees, Aucoin failed to meet his burden of proof.

After a thorough review of the evidence admitted in connection with the motion for summary judgment, we do not find that a genuine issue of material fact was created regarding whether the defendants' actions constituted "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct," sufficient to exclude them from the immunity they are otherwise entitled to pursuant to LSA-R.S. 9:2798.1.

16

Therefore, we find that the trial court properly sustained the motion for summary judgment with respect to Neal.

## ASSIGNMENTS OF ERROR NOS. 1, 2, 3, 4, AND 6

Aucoin's first and second assignments of error argue that the trial court erred in finding that neither Sheriff Larpenter nor appellees, as solidary obligors or joint tortfeasors, had a duty to provide Aucoin with a safe place to sleep and breached that duty. Aucoin's third assignment of error maintains that the trial court erred in failing to find that Aucoin's fall was foreseeable and within the scope of the duty. Aucoin's fourth assignment of error asserts that the trial court erred in failing to find that Aucoin's injury from the fall was within the scope of the risk and foreseeable. Aucoin's sixth assignment of error is that the trial court erred in failing to find that material issues of fact precluded summary judgment in favor of appellees, because there was conflicting evidence as to whether the treatment provided to Aucoin resulted in a delay of recovery and/or aggravation of injury. However, appellees' motion for summary judgment sought a ruling that appellees were entitled to immunity and that their actions were not grossly negligent, and summary judgment may be rendered only as to those issues issues set forth in the motion under consideration by the court at that time. LSA-C.C.P. art. 966(F). Thus, the issues raised by Aucoin in these assignments of error, which go to the merits of his claims, were not before the trial court on appellees' motion for summary judgment. These assignments of error lack merit.

## ASSIGNMENT OF ERROR NO. 7

In Aucoin's seventh assignment of error, he argues that the trial court erred in failing to consider the evidentiary objections he raised regarding appellees' exhibits offered in support of their motion for summary judgment. Louisiana Code of Civil Procedure article 966(D)(2) provides that the court *shall* consider any documents filed in support of or in opposition to the motion for summary judgment *to which no objection is made* (Emphasis added.). Article 966(D)(2) further provides that "[a]ny objection to a document shall be raised in a timely filed opposition or reply memorandum." Aucoin filed his evidentiary objections by filing motions in limine rather than raising them in his opposition. Therefore, the evidentiary objections were not

17

objected to in accordance with LSA-C.C.P. art. 966(D)(2), *i.e.*, by raising the objection "in a timely filed opposition." Accordingly, the trial court was mandated to accept the documents filed by appellees in support of their motion for summary judgment. See **Mariakis v. N. Oaks Health Sys.**, 2018-0165 (La.App. 1 Cir. 9/21/18), 258 So.3d 88, 96. This assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, the March 5, 2020 judgment of the trial court granting the motion for summary judgment filed by Terrebonne Parish Consolidated Government and Neal, and dismissing Aucoin's claims against them with prejudice, is hereby affirmed. Costs of this appeal are assessed to plaintiff/appellant, Craig Aucoin.

**AFFIRMED.**